**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CONSTANCE SWANSTON and** | § | **CAUSE NO. 4:19-cv-00412-ALM** |
| **WOMEN'S ELEVATED SOBER** | § | |
| **LIVING, LLC and** | § | |
| **SHANNON JONES** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **CITY OF PLANO, TEXAS** | § | |
| | § | |
| **Defendant.** | § | |

<u>**DEFENDANT'S ORIGINAL ANSWER**</u>

Defendant City of Plano, Texas ("Plano") files the following original answer to Plaintiffs'

Amended Complaint [Dkt. 2].

**I.      PARTIES**

1.      Plano lacks sufficient knowledge or information to form a belief about the truth of the

allegations in paragraph 1 of the Amended Complaint.

2.      Plano lacks sufficient knowledge or information to form a belief about the truth of the

allegations in paragraph 2 of the Amended Complaint.

3.      Plano lacks sufficient knowledge or information to form a belief about the truth of the

allegations in paragraph 3 of the Amended Complaint.

4.      Plano admits that it is a unit of government, that it has the capacity to sue or be sued, that it is

a public entity, and that it promulgates, interprets, and enforces ordinances and zoning code, and

otherwise provides municipal services.  The remaining allegations in paragraph 4 of the Amended

Complaint state legal conclusions, which do not require an admission or denial.  To the extent

required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the

facts of this specific case.

## II.      JURISDICTION AND VENUE

5.       Plano admits the allegations in paragraph 5 of the Amended Complaint.

6.       Plano admits the allegations in paragraph 6 of the Amended Complaint.

## III.     FACTS

### A.      Introduction

7.       Plano admits the allegations in the allegations in the first sentence of paragraph 7 of the Amended Complaint.  Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of paragraph 7 of the Amended Complaint.

8.       Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 8 of the Amended Complaint.  However, Plano denies that it "persists and insists in closing the Home" as alleged in paragraph 8.

9.       Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9 of the Amended Complaint.

10.      Plano admits that in March 2019 the city received a complaint from Kendal Reed concerning the Home, but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 10 of the Amended Complaint.

11.      Plano admits the allegations in paragraph 11 of the Amended Complaint; however, Plano denies that the requested accommodation was "reasonable" as alleged in paragraph 11.

12.      Plano admits that on May 28, 2019, after a hearing which many local homeowners spoke, the city's board of adjustment voted to deny the requested variance because it was unreasonable and/or unnecessary.  Plano also admits that this lawsuit was filed by Plaintiffs after that denial.  Plano denies the remaining allegations in paragraph 12 of the Amended Complaint.

### B.       The Applicable Statutes and Regulations

#### 1.       Fair Housing Act Amendments

13.     The allegations in paragraph 13 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

14.     The allegations in paragraph 14 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

15.     The allegations in paragraph 15 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

16.     The allegations in paragraph 16 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

17.     The allegations in paragraph 17 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

18.     The allegations in paragraph 18 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

19.     The allegations in paragraph 19 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

20.     The allegations in paragraph 20 of the Amended Complaint state legal conclusions, which do not require an admission or denial.   To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

21.     The allegations in paragraph 21 of the Amended Complaint state legal conclusions, which do not require an admission or denial.   To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

22.     The allegations in paragraph 22 of the Amended Complaint state legal conclusions, which do not require an admission or denial.   To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

## 2.     Americans with Disabilities Act

23.     The allegations in paragraph 23 of the Amended Complaint state legal conclusions, which do not require an admission or denial.   To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

24.     The allegations in paragraph 24 of the Amended Complaint state legal conclusions, which do not require an admission or denial.   To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

25.     The allegations in paragraph 25 of the Amended Complaint state legal conclusions, which do not require an admission or denial.   To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

26.     The allegations in paragraph 26 of the Amended Complaint state legal conclusions, which do not require an admission or denial.   To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

27.     The allegations in paragraph 27 of the Amended Complaint state legal conclusions, which do

not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

28.     The allegations in paragraph 28 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

29.     The allegations in paragraph 29 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

### C.     The Work of Elevated Helping Addicts in Recovery

30.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 30 of the Amended Complaint.

31.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint.

32.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 32 of the Amended Complaint.

33.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 33 of the Amended Complaint.

34.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 34 of the Amended Complaint.

35.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 35 of the Amended Complaint.

36.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 36 of the Amended Complaint.

37.    Plano denies the allegations in paragraph 37 of the Amended Complaint.

38.    Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 38 of the Amended Complaint.

39.    Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint.

40.    Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40 of the Amended Complaint.

### D.    The City's Restrictions on Sober Living Homes Are Facially Discriminatory

41.    Plano admits the allegations in paragraph 41 of the Amended Complaint.

42.    Plano admits the allegations in paragraph 42 of the Amended Complaint.

43.    Plano denies the allegations in paragraph 43 of the Amended Complaint.

44.    Plano admits the allegations in paragraph 44 of the Amended Complaint, but affirmatively states that the definitions contained in paragraph 44 are incomplete.

45.    Plano admits the allegations in paragraph 45 of the Amended Complaint.

46.    The allegations in paragraph 46 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial.  To the extent necessary, Plano denies the hypotheticals/allegations in paragraph 46 as applied to this case.

47.    The allegations in paragraph 47 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial.  To the extent necessary, Plano denies the hypotheticals/allegations in paragraph 47 as applied to this case.

48.    Plano denies the allegations in the first sentence of paragraph 48 of the Amended Complaint. Plano admits the allegations in the second and sixth and sentences of paragraph 48.  The allegations in the third, fourth, fifth and seventh sentences of paragraph 48 are argumentative, state legal conclusions and state hypotheticals (not facts) which do not require an admission or denial.  To the

extent necessary, Plano denies these conclusions/allegations as applied to this case.

49.     The allegations in paragraph 49 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial.  To the extent necessary, Plano denies the conclusions/allegations in paragraph 49 as applied to this case.

50.     The allegations in paragraph 50 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial.  To the extent necessary, Plano denies the conclusions/allegations in paragraph 50 as applied to this case.

51.     The allegations in paragraph 51 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial.  To the extent necessary, Plano denies the conclusions/allegations in paragraph 51 as applied to this case.

52.     The allegations in paragraph 52 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial.  To the extent necessary, Plano denies the conclusions/allegations in paragraph 52 as applied to this case.

53.     The allegations in paragraph 53 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial.  To the extent necessary, Plano denies the conclusions/allegations in paragraph 53 as applied to this case.

54.     Plano admits the allegations in the second sentence of paragraph 54 of the Amended Complaint.  However, the remaining allegations in paragraph 54 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial.  To the extent necessary, Plano denies the remaining hypotheticals/allegations in paragraph 54 as applied to this case.

55.     Plano admits the allegations in the second sentence of paragraph 55 of the Amended Complaint.  Plano denies the remaining allegations in paragraph 55.

56.     Plano admits the allegations in the second and third sentences of paragraph 56 of the

Amended Complaint.  Plano denies the allegations in the first and fifth sentences of paragraph 56. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence of paragraph 56.

57.    Plano admits, as alleged in paragraph 57 of the Amended Complaint, that the city adopted a "Backyard Cottage" ordinance in February 2019 relating to detached dwelling units, up to 1,100 square feet, that are subordinate to and located on the same lot as a Single-Family Residence (Detached) dwelling unit and that may be rented to third parties as long as the owner lives in the main dwelling unit or the backyard cottage as a permanent resident.  Plano also admits that the "Backyard Cottage" ordinance contains parking, occupancy and lot size regulations.  However, the remaining allegations in paragraph 57 are argumentative, an incomplete recitation of the ordinance, and state legal conclusions which do not require an admission or denial.  To the extent necessary, Plano denies these remaining allegations as applied to this case.

58.    Plano admits the allegations in the first sentence of paragraph 58 of the Amended Complaint. The remaining allegations in paragraph 58 are argumentative and state hypotheticals (not facts) which do not require an admission or denial.  To the extent necessary, Plano denies the remaining hypotheticals/allegations in paragraph 58 as applied to this case.

59.    The allegations in paragraph 59 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial.  To the extent necessary, Plano denies the hypotheticals/allegations in paragraph 59 as applied to this case.

60.    Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence of paragraph 60 of the Amended Complaint. Plano denies the remaining allegations in paragraph 60 of the Amended Complaint.

61.    Plano denies the allegations in the first sentence of paragraph 61 of the Amended Complaint. Plano lacks sufficient knowledge or information to form a belief about the truth of the remaining

allegations in paragraph 61.

62.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of paragraph 62 of the Amended Complaint. Plano denies the remaining allegations in paragraph 62 of the Amended Complaint.

### E.     The City's Zoning Restrictions Have a Disparate Impact on The Disabled

63.     Plano admits the allegations in the first sentence of paragraph 63 of the Amended Complaint. Plano denies the remaining allegations in paragraph 63.

### F.     The City's Unlawful Denial of a Reasonable Accommodation

49. [sic] Plano admits the allegations in paragraph 49 [sic] of the Amended Complaint.  However, Plano affirmatively state that Elevated apparently operated the Home in violation of the city's ordinances for months prior to requesting an accommodation following the procedures provided for such requests by the City of Plano Code.

50. [sic] Plano admits the allegations in paragraph 50 [sic] of the Amended Complaint.

64.     Plano denies the allegations in paragraph 64 of the Amended Complaint.

65.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 65 of the Amended Complaint.

66.     Plano admits that on May 28, 2019, the City acting through the Board of Adjustment denied Elevated's request for a variance allowing up to 15 unrelated women to live in the Home, but denies the remaining allegations in paragraph 66 of the Amended Complaint.

### G.     Retention of Counsel and Conditions Precedent

67.     Plano admits that Richard Hunt and Jeanne Huey are Elevated's counsel in this case, but it lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 67 of the Amended Complaint.  Further, Plano denies the implication in this paragraph that any Plaintiffs' rights under either the Fair Housing Act or the Americans with

Disabilities Act have been violated.

68.    Plano denies the allegations in paragraph 68 of the Amended Complaint.

69.    Plano denies the allegations in paragraph 69 of the Amended Complaint.

## IV.    CLAIMS FOR RELIEF

### A.    Count One – Disparate Treatment Under the Fair Housing Act

70.    Plano incorporates its answers to the allegations in paragraphs 1 – 69 of the Amended Complaint as if fully set forth herein.

71.    Plano denies the allegations in paragraph 71 of the Amended Complaint.

### B.    Count Two – Disparate Impact Under the Fair Housing Act

72.    Plano incorporates its answers to the allegations in paragraphs 1-71 of the Amended Complaint as if fully set forth herein.

73.    Plano denies the allegations in paragraph 73 of the Amended Complaint.

### C.    Count Three – Failure to Accommodate Under the Fair Housing Act

74.    Plano incorporates its answers to the allegations in paragraphs 1-73 of the Amended Complaint as if fully set forth herein.

75.    Plano denies the allegations in paragraph 75 of the Amended Complaint.

### D.    Count Four – Violations of the Americans with Disabilities Act

76.    The allegations in paragraph 76 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

77.    The allegations in paragraph 77 of the Amended Complaint state legal conclusions, which do not require an admission or denial.  To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

78.     Plano denies the allegations in paragraph 78 of the Amended Complaint.

79.     Plano denies the allegations in paragraph 79 of the Amended Complaint.

**V.     ADDITIONAL RELIEF REQUESTED**

80.     Plano admits that Plaintiffs seek the relief stated in paragraph 80(a –g) of the Amended

Complaint, but denies that Plaintiffs are entitled to the relief sought.

81.     For these reasons, Defendant City of Plano asks the Court to enter judgment that Plaintiffs

take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs and award Plano

all other legal and/or equitable relief the Court deems appropriate.


                                        Respectfully submitted,

                                        /s/ Charles J. Crawford
                                        **Charles J. Crawford**
                                        ccrawford@abernathy-law.com
                                        State Bar. No. 05018900
                                        **Lucas C. Henry**
                                        State Bar No. 24101901
                                        lhenry@abernathy-law.com
                                        Abernathy, Roeder, Boyd & Hullett, P.C.
                                        1700 Redbud Boulevard, Suite 300
                                        McKinney, Texas 75069-1210
                                        Telephone: (214) 544-4000
                                        Facsimile:  (214) 544-4040
                                        **ATTORNEYS FOR CITY OF PLANO, TEXAS**


                        <u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on August 23, 2019, a true and correct copy of foregoing document was
delivered to all counsel of record in this cause who are registered with the Court's electronic case
filing system.

                                        /s/ Charles J. Crawford
                                        Charles J. Crawford