# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CONSTANCE SWANSTON, WOMEN'S ELEVATED SOBER LIVING LLC, and SHANNON JONES<br><br>v.<br><br>CITY OF PLANO, TEXAS | § § § § § § § § § Civil Action No. 4:19-CV-412<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Constance Swanston ("Swanston") and Women's Elevated Sober Living, LLC's ("Elevated") (collectively, "Plaintiffs") Opposed Motion for Leave to Amend and Other Related Relief (Dkt. #20). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Elevated operates a sober living home in Plano, Texas (the "Home"), and Swanston is a resident of the Home. A complaint was issued about the Home being in violation of a city zoning restriction. Elevated applied for a variance with the Board of Adjustment of Defendant City of Plano, Texas (the "City"). The Board of Adjustment denied Elevated's request for a variance; as a result, Elevated filed this suit, alleging violations of the Fair Housing Act and the Americans with Disabilities Act.

On June 5, 2019, Plaintiffs filed their original complaint against the City (Dkt. #1). On June 12, 2019, Plaintiffs filed their amended complaint, adding Shannon Jones as a plaintiff[1] (Dkt. #2). Then, on March 24, 2020, Plaintiffs filed the motion at issue requesting leave from the

---

[1] While Shannon Jones—the manager of the Home—did not join the motion for leave to amend, she also did not oppose the motion. *See* (Dkt. #20).

Court to file a second amended complaint (Dkt. #20). On April 7, 2020, Defendant filed its response.

**LEGAL STANDARD**

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party;

Court to file a second amended complaint (Dkt. #20). On April 7, 2020, Defendant filed its response.

**LEGAL STANDARD**

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party;

and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating that "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

### I. Leave to Amend

The Scheduling Order required Plaintiffs to add parties by December 19, 2019, and to seek leave of court to file amended pleadings by January 30, 2020 (Dkt. #12). Plaintiffs filed their motion for leave on March 24, 2020 (Dkt. #20). As Plaintiffs filed their motion for leave after the

deadline to amend passed, Plaintiffs must show good cause to amend under Rule 16(b)(4) before the Court applies the Rule 15(a) standard. *S&W Enters., L.L.C.*, 315 F.3d at 535.

### A. Rule 16(b)(4)

Plaintiffs discuss Rule 15(a) without addressing good cause under Rule 16(b)(4). Nevertheless, the Court can still analyze the parties' arguments under the Rule 16(b)(4) standard to determine whether good cause exists to grant Plaintiffs' motion.

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano*, 2017 WL 5203046, at *1 (citing *Serv. Temps Inc.*, 679 F.3d at 333–34). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co.*, 110 F.3d at 257).

#### i. Explanation for the Failure to Timely Amend

Plaintiffs contend that they did not know to add the Board of Adjustment as a party until after the deadline to amend had passed. Specifically, Plaintiffs state that they did not believe the Board of Adjustment was a necessary party due to the City's initial Rule 26 disclosures (Dkt. #20 at pp. 1, 3). In the City's disclosures, which were served in October 2019, the City asserted that it did not know of any other potential parties to the suit (Dkt. #20 at p. 1). For this reason, according to Plaintiffs, they thought the City was the only necessary party (Dkt. #20 at pp. 2–3). This was so until February 3, 2020—just days after the deadline to seek leave to amend.

On February 3, 2020, the City responded to Plaintiffs' interrogatories stating that the Board of Adjustment was "an independent governing body," separate from the City (Dkt. #20 at p. 1).

Plaintiffs claim that based on this, Plaintiffs contacted the City to determine whether the City contended that the Board of Adjustment was a separate legal entity from the City, "rather than an organ of the City itself" (Dkt. #20 at p. 2). According to Plaintiffs, the City has declined to take a position on this issue (Dkt. #20 at p. 2).

Here, Plaintiffs have provided an explanation for their failure to timely amend based on new information that it gained after the deadline to amend. *See Robles v. Archer W. Contractors, LLC*, No. 3:14-CV-1306-M, 2015 WL 4979020, at *3 (N.D. Tex. Aug. 19, 2015) (holding that the plaintiff provided a sufficient explanation for late amendment when the plaintiff sued the wrong governmental entity based on information he received from the defendant's Rule 26 disclosures). For this reason, the Court finds that Plaintiffs' explanation for their failure to meet the deadline to amend is sufficient.

    ii. **Importance of the Amendment**

Plaintiffs assert that the motion for leave should be granted because it is unclear whether the City is bound by the Board of Adjustment's actions (Dkt. #20 at p. 3). Furthermore, Plaintiffs argue that "it is unclear whether the City's responses to discovery include information in possession of the Board of Adjustment, or whether the City can produce members of the Board of Adjustment for deposition without a subpoena." Accordingly, Plaintiffs assert that it is necessary to add the Board of Adjustment.

Based on the potential confusion with discovery and the possibility that Plaintiffs' claim could be subject to dismissal without naming the proper defendant, the Court finds that Plaintiffs have sufficiently identified the importance of their amendment. *See id.* (finding that the plaintiff's claims against the wrong governmental entity were subject to dismissal, and therefore, an amendment to add the proper entity and preserve the plaintiff's claims was important).

### iii. Potential Prejudice in Allowing the Amendment

Next, Plaintiffs contend that the City will not be prejudiced by adding the Board of Adjustment as a defendant (Dkt. #20 at p. 3). Plaintiffs assert that the nature of the case or the facts supporting Plaintiffs' claims will not be changed (Dkt. #20 at p. 3). Furthermore, Plaintiffs state:

> It is almost certain the Board of Adjustment will be represented by the same counsel as the City[, and it is] equally likely the Board of Adjustment has no information not already in possession of the City since the Board of Adjustment itself uses the City's staff for all [of] its administrative work.

(Dkt. #20 at p. 3). In addition, Plaintiffs contend that "[t]he only additional discovery that will be required by the Plaintiffs is a set of requests for admission, requests for production[,] and interrogatories to confirm no documents or information are being withheld by the City based on its position that the Board of Adjustment is a separate legal entity . . . ." (Dkt. #20 at p. 3). Notably, the City does not dispute Plaintiff's arguments. *See* (Dkt. #24).

"Courts have found prejudice to a defendant when amendments would delay trial, restart a case at an earlier stage, or otherwise unfairly limit a [party's] ability to present their case at trial." *Id.* (collecting cases). The Court does not find that these issues exist here, and the City has not otherwise established that any other prejudice will result. Accordingly, the Court finds that the City will not be prejudiced by Plaintiffs' amendment.

### iv. Availability of a Continuance to Cure Such Prejudice

The Court may grant a continuance to cure any potential prejudice to the City. But, as no prejudice to the City has been established, this factor does not apply. *Zilberman v. Caroffer, LLC*, No. 4:15-CV-589, 2016 WL 3060081, at *4 n.1 (E.D. Tex. May 31, 2016).

Considering the factors analyzed above, the Court finds there is good cause under Rule 16(b)(4) to grant Plaintiffs' motion. Accordingly, the Court now applies the more liberal

6

Rule 15(a) standard to determine whether leave of court should be granted to amend Plaintiffs' complaint. *S&W Enters., L.L.C.*, 315 F.3d at 535.

### B. Rule 15(a)

Rule 15(a) "'evinces a bias in favor of granting leave to amend.'" *Jones*, 427 F.3d at 994 (quoting *Lyn–Lea Travel Corp.*, 283 F.3d at 286). But leave to amend "is not automatic." *Matagorda Ventures, Inc.*, 203 F. Supp. 2d at 718 (citing *Dussouy*, 660 F.2d at 598). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith*, 393 F.3d at 595 (citing *Foman*, 371 U.S. at 182).

The Court does not find evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. Moreover, the City does not contest that Plaintiffs meet the *Smith* factors. Because Rule 15(a) "'evinces a bias in favor of granting leave to amend,'" the Court finds that these uncontested factors weigh in favor of granting Plaintiffs' motion. *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 599 n.11 (E.D. Tex. 2019) (citations omitted); *see also Dueling v. Devon Energy Corp.*, 623 F. App'x. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)) (stating that "'district courts must entertain a presumption in favor of granting parties leave to amend.'")).

Therefore, because Plaintiffs have shown good cause for amendment under both Rule 16(b)(4) and Rule 15(a), Plaintiffs' request for leave to amend should be granted.

## II. Other Related Relief

In addition to their request for leave, Plaintiffs also asked the Court to allow Plaintiffs to serve additional discovery to the Board of Adjustment (Dkt. #20 at p. 4). The deadline for discovery has passed (Dkt. #12). Therefore, the Court will reopen discovery, and it will remain open until June 3, 2020. During that time, Plaintiffs will have the opportunity to conduct limited discovery, in which Plaintiffs may serve the same written discovery on the Board of Adjustment as they have already served on the City. *See Zilberman*, 2016 WL 3060081, at *4 (extending the discovery deadline and permitting the movant to conduct limited discovery).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Opposed Motion for Leave to Amend and Other Related Relief (Dkt. #20) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiffs shall file their second amended complaint by May 1, 2020.

It is further **ORDERED** that the discovery period in this case will remain open until June 3, 2020, to provide Plaintiffs with the opportunity to conduct limited discovery as described in the Court's Order.

**IT IS SO ORDERED.**

**SIGNED this 27th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE