IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CONSTANCE SWANSTON and<br>WOMEN'S ELEVATED SOBER<br>LIVING, LLC and<br>SHANNON JONES<br><br>       Plaintiffs,<br><br>vs.<br><br>CITY OF PLANO, TEXAS<br><br>       Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO: 4:19-cv-00412-ALM |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

Defendants City of Plano, Texas and the City of Plano Board of Adjustment (collectively, "Plano") file the following original answer to Plaintiffs' Second Amended Complaint [Dkt. 29] ("Amended Complaint").

**I.     PARTIES**

1.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 1 of the Amended Complaint.

2.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 2 of the Amended Complaint.

3.     Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 3 of the Amended Complaint.

4.     Plano admits that the City is a unit of government, that the City has the capacity to sue or be sued, that the City is a public entity, and that the City promulgates, interprets, and enforces ordinances and zoning code, and otherwise provides municipal services. The remaining allegations in paragraph 4 of the Amended Complaint state legal conclusions, which do not require an admission or

denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

5. Plano admits that the City of Plano Board of Adjustment was created by the City's governing body pursuant to Texas Local Government Code Chapter 211 and city ordinance. The remaining allegations in paragraph 5 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

## II.  JURISDICTION AND VENUE

6. Plano admits the allegations in paragraph 6 of the Amended Complaint.

7. Plano admits the allegations in paragraph 7 of the Amended Complaint.

## III.  FACTS

### A.  Introduction

8. Plano admits the allegations in the allegations in the first sentence of paragraph 8 of the Amended Complaint. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of paragraph 8 of the Amended Complaint.

9. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9 of the Amended Complaint. However, Plano denies that it "persists and insists in closing the Home" as alleged in paragraph 9.

10. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Plano admits that in March 2019 the city received a complaint from Kendal Reed concerning the Home, but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 11 of the Amended Complaint.

12. Plano admits the allegations in paragraph 12 of the Amended Complaint; however, Plano

denies that the requested accommodation was "reasonable" as alleged in paragraph 12.

13. Plano admits that on May 28, 2019, after a hearing which many local homeowners spoke, the city's board of adjustment voted to deny the requested variance because it was unreasonable and/or unnecessary. Plano also admits that this lawsuit was filed by Plaintiffs after that denial. Plano denies the remaining allegations in paragraph 13 of the Amended Complaint.

### B. The Applicable Statutes and Regulations

#### 1. Fair Housing Act Amendments

14. The allegations in paragraph 14 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

15. The allegations in paragraph 15 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

16. The allegations in paragraph 16 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

17. The allegations in paragraph 17 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

18. The allegations in paragraph 18 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

19. The allegations in paragraph 19 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged

in the Amended Complaint as applied to the facts of this specific case.

20. The allegations in paragraph 20 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

21. The allegations in paragraph 21 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

22. The allegations in paragraph 22 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

23. The allegations in paragraph 23 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

### 2.    Americans with Disabilities Act

24. The allegations in paragraph 24 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

25. The allegations in paragraph 25 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

26. The allegations in paragraph 26 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

27. The allegations in paragraph 27 of the Amended Complaint state legal conclusions, which do

not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

28. The allegations in paragraph 28 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

29. The allegations in paragraph 29 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

30. The allegations in paragraph 30 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

### C. The Work of Elevated Helping Addicts in Recovery

31. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint.

32. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 32 of the Amended Complaint.

33. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 33 of the Amended Complaint.

34. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 34 of the Amended Complaint.

35. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 35 of the Amended Complaint.

36. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 36 of the Amended Complaint.

37. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 37 of the Amended Complaint.

38. Plano denies the allegations in paragraph 38 of the Amended Complaint.

39. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint.

40. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40 of the Amended Complaint.

41. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 41 of the Amended Complaint.

### D.  The City's Restrictions on Sober Living Homes Are Facially Discriminatory

42. Plano admits the allegations in paragraph 42 of the Amended Complaint.

43. Plano admits the allegations in paragraph 43 of the Amended Complaint.

44. Plano denies the allegations in paragraph 44 of the Amended Complaint.

45. Plano admits the allegations in paragraph 45 of the Amended Complaint, but affirmatively states that the definitions contained in paragraph 45 are incomplete.

46. Plano admits the allegations in paragraph 46 of the Amended Complaint.

47. The allegations in paragraph 47 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial. To the extent necessary, Plano denies the hypotheticals/allegations in paragraph 47 as applied to this case.

48. The allegations in paragraph 48 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial. To the extent necessary, Plano denies the hypotheticals/allegations in paragraph 48 as applied to this case.

49. Plano denies the allegations in the first sentence of paragraph 49 of the Amended Complaint. Plano admits the allegations in the second and sixth and sentences of paragraph 49. The allegations

in the third, fourth, fifth and seventh sentences of paragraph 49 are argumentative, state legal conclusions and state hypotheticals (not facts) which do not require an admission or denial. To the extent necessary, Plano denies these conclusions/allegations as applied to this case.

50. The allegations in paragraph 50 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial. To the extent necessary, Plano denies the conclusions/allegations in paragraph 50 as applied to this case.

51. The allegations in paragraph 51 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial. To the extent necessary, Plano denies the conclusions/allegations in paragraph 51 as applied to this case.

52. The allegations in paragraph 52 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial. To the extent necessary, Plano denies the conclusions/allegations in paragraph 52 as applied to this case.

53. The allegations in paragraph 53 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial. To the extent necessary, Plano denies the conclusions/allegations in paragraph 53 as applied to this case.

54. The allegations in paragraph 54 of the Amended Complaint are argumentative and state legal conclusions which do not require an admission or denial. To the extent necessary, Plano denies the conclusions/allegations in paragraph 54 as applied to this case.

55. Plano admits the allegations in the second sentence of paragraph 55 of the Amended Complaint. However, the remaining allegations in paragraph 55 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial. To the extent necessary, Plano denies the remaining hypotheticals/allegations in paragraph 55 as applied to this case.

56. Plano admits the allegations in the second sentence of paragraph 56 of the Amended

Complaint. Plano denies the remaining allegations in paragraph 56.

57.    Plano admits the allegations in the second and third sentences of paragraph 57 of the Amended Complaint. Plano denies the allegations in the first and fifth sentences of paragraph 57. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence of paragraph 57.

58.    Plano admits, as alleged in paragraph 58 of the Amended Complaint, that the city adopted a "Backyard Cottage" ordinance in February 2019 relating to detached dwelling units, up to 1,100 square feet, that are subordinate to and located on the same lot as a Single-Family Residence (Detached) dwelling unit and that may be rented to third parties as long as the owner lives in the main dwelling unit or the backyard cottage as a permanent resident. Plano also admits that the "Backyard Cottage" ordinance contains parking, occupancy and lot size regulations. However, the remaining allegations in paragraph 58 are argumentative, an incomplete recitation of the ordinance, and state legal conclusions which do not require an admission or denial. To the extent necessary, Plano denies these remaining allegations as applied to this case.

59.    Plano admits the allegations in the first sentence of paragraph 59 of the Amended Complaint. The remaining allegations in paragraph 59 are argumentative and state hypotheticals (not facts) which do not require an admission or denial. To the extent necessary, Plano denies the remaining hypotheticals/allegations in paragraph 59 as applied to this case.

60.    The allegations in paragraph 60 of the Amended Complaint are argumentative and state hypotheticals (not facts) which do not require an admission or denial. To the extent necessary, Plano denies the hypotheticals/allegations in paragraph 60 as applied to this case.

61.    Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the third sentence of paragraph 61 of the Amended Complaint. Plano denies the remaining allegations in paragraph 61 of the Amended Complaint.

62. Plano denies the allegations in the first sentence of paragraph 62 of the Amended Complaint. Plano lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 62.

63. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of paragraph 63 of the Amended Complaint. Plano denies the remaining allegations in paragraph 63 of the Amended Complaint.

### E. The City's Zoning Restrictions Have a Disparate Impact on The Disabled

64. Plano admits the allegations in the first sentence of paragraph 64 of the Amended Complaint. Plano denies the remaining allegations in paragraph 64.

### F. The City's Unlawful Denial of a Reasonable Accommodation

49. [sic] Plano admits the allegations in paragraph 49 [sic] of the Amended Complaint. However, Plano affirmatively state that Elevated apparently operated the Home in violation of the city's ordinances for months prior to requesting an accommodation following the procedures provided for such requests by the City of Plano Code.

50. [sic] Plano admits the allegations in paragraph 50 [sic] of the Amended Complaint.

65. Plano denies the allegations in paragraph 65 of the Amended Complaint.

66. Plano lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 66 of the Amended Complaint.

67. Plano admits that on May 28, 2019, the City acting through the Board of Adjustment denied Elevated's request for a variance allowing up to 15 unrelated women to live in the Home, but denies the remaining allegations in paragraph 67 of the Amended Complaint.

### G. Retention of Counsel and Conditions Precedent

68. Plano admits that Richard Hunt and Jeanne Huey are Elevated's counsel and that Disability Rights is Jones' counsel in this case, but it lacks sufficient knowledge or information to form a belief

about the truth of the remaining allegations in paragraph 68 of the Amended Complaint. Further, Plano denies the implication in this paragraph that any Plaintiffs' rights under either the Fair Housing Act or the Americans with Disabilities Act have been violated.

69.  Plano denies the allegations in paragraph 69 of the Amended Complaint.

70.  Plano denies the allegations in paragraph 70 of the Amended Complaint.

## IV. CLAIMS FOR RELIEF

### A. Count One – Disparate Treatment Under the Fair Housing Act

71.  Plano incorporates its answers to the allegations in paragraphs 1 – 70 of the Amended Complaint as if fully set forth herein.

72.  Plano denies the allegations in paragraph 72 of the Amended Complaint.

### B. Count Two – Disparate Impact Under the Fair Housing Act

73.  Plano incorporates its answers to the allegations in paragraphs 1-72 of the Amended Complaint as if fully set forth herein.

74.  Plano denies the allegations in paragraph 74 of the Amended Complaint.

### C. Count Three – Failure to Accommodate Under the Fair Housing Act

75.  Plano incorporates its answers to the allegations in paragraphs 1-74 of the Amended Complaint as if fully set forth herein.

76.  Plano denies the allegations in paragraph 76 of the Amended Complaint.

### D. Count Four – Violations of the Americans with Disabilities Act

77.  The allegations in paragraph 77 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged in the Amended Complaint as applied to the facts of this specific case.

78.  The allegations in paragraph 78 of the Amended Complaint state legal conclusions, which do not require an admission or denial. To the extent required, Plano denies the legal conclusions alleged

in the Amended Complaint as applied to the facts of this specific case.

79. Plano denies the allegations in paragraph 79 of the Amended Complaint.

80. Plano denies the allegations in paragraph 80 of the Amended Complaint.

## V. ADDITIONAL RELIEF REQUESTED

81. Plano admits that Plaintiffs seek the relief stated in paragraph 81(a - e) of the Amended Complaint, but denies that Plaintiffs are entitled to the relief sought.

## VI. AFFIRMATIVE DEFENSES

82. Plaintiffs' claims challenging the decision of the Board of Adjustment to deny the requested accommodation are barred by Plaintiffs' failure to timely exhaust the administrative remedies mandated under Tex. Local Gov't Code Chapter 211.

83. Plaintiffs' claims challenging the decision of the Board of Adjustment to deny the requested accommodation are barred by res judicata and/or collateral estoppel.

84. Plaintiffs' claims challenging the decision of the Board of Adjustment to deny the requested accommodation are barred because such challenges are an impermissible collateral attack on the Board's decision.

85. Plaintiffs' claims challenging the decision of the Board of Adjustment to deny the requested accommodation should be dismissed pursuant to the *Burford* abstention doctrine.

## VII. PRAYER

86. For these reasons, Defendant City of Plano asks the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs and award Plano all other legal and/or equitable relief the Court deems appropriate.

        Respectfully submitted,

        /s/ Charles J. Crawford
        **Charles J. Crawford**
        ccrawford@abernathy-law.com
        State Bar. No. 05018900
        **Lucas C. Henry**
        State Bar No. 24101901
        lhenry@abernathy-law.com
        Abernathy, Roeder, Boyd & Hullett, P.C.
        1700 Redbud Boulevard, Suite 300
        McKinney, Texas 75069-1210
        Telephone: (214) 544-4000
        Facsimile:  (214) 544-4040

        **ATTORNEYS FOR CITY OF PLANO, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2020, a true and correct copy of foregoing document was delivered to all counsel of record in this cause who are registered with the Court's electronic case filing system.

        */s/ Charles J. Crawford*
        Charles J. Crawford