# EXHIBIT 1

| | |
|---|---|
| **From:** | Richard Hunt <rhunt@hunthuey.com> |
| **Sent:** | Friday, June 12, 2020 8:13 AM |
| **To:** | Lucas Henry; Christopher McGreal |
| **Cc:** | Charles Crawford; Kimberly Escamilla; Jeanne Huey; Marisol McNair |
| **Subject:** | Re: Defendants' Objections to Requested Depositions [IWOV-Legal.FID3029092] |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**\*\*\*EXTERNAL email. Use caution when opening attachments or links from unknown senders.\*\*\***

Lucas, I've reviewed your authorities and many others and cannot agree that the witnesses we've requested or the testimony we expect from the City's representatives are protected by any privilege. The "deliberative process privilege" is a qualified privilege that is narrow in scope and not applicable in cases where the intent of the defendant is at issue. It only very rarely applies to deliberative bodies; in most cases it protects only the internal mental processes of an individual decision maker. In this case the intent of both the City and the Board of Adjustment are at issue. The only way to find out what was on the minds of the members of the City Council and Board of Adjustment when they made decisions we believe were intended to discriminate against disabled individuals is to ask questions about what was discussed in their executive, off the record sessions, and of course about their own intentions.

I'm happy to visit about this by phone early next week, but I can already tell you we will not compromise on the depositions of Morgan, Miller and Norton, all of whom played central roles in the City's ongoing efforts to keep the disabled out of upscale neighborhoods. I suggest that rather than trying to hash through all the specific issues you have with the deposition topics we set up a call with Judge Mazzant to present him with the general problem as it relates to these three witnesses. His response will undoubtedly give us some guidance on dealing with the individual topics. If you agree I'll call the court later today to see what times early next week a conference call could take place.

Now that the Court has extended the deposition deadline I also think it is appropriate for the City to give us dates for its representatives and those witnesses to which it does not object. We rather promptly gave dates for all our witnesses while the City has not yet provided a single date, a delay that necessitated the extension of the deposition deadline. If the City cannot provide dates for its representatives in the next few days I think this too will be a matter to take up with the Court.

The one third-party witness with whom none of the parties has any relationship is Mr. Kendall Reed. I intend to subpoena his deposition for a date during the week of June 29. Are there any dates during that week that I should avoid based on your calendars?

Richard M. Hunt
Hunt | Huey PLLC
100 Crescent Court, Suite 700
Dallas, Texas 75201
214-641-9182 direct
214-279-6124 fax
rhunt@hunthuey.com
hunthuey.com
accessdefense.com

This e-mail and any files transmitted with it are confidential. They are intended only for the use of the individual or entity to whom this email is addressed. It is strictly prohibited to copy or forward this email if you are not the

1

intended recipient. If you have received this e-mail in error, please notify the original sender at 214.641.9182 and destroy this e-mail, along with any attachments.Thank you.

Le présent email et les documents qui y sont joints sont exclusivement réservés à l'utilisation des destinataires concernés et peuvent être de nature privilégiée ou confidentielle. Toute distribution, impression ou autre utilisation est interdite aux autres personnes. Si vous ne faites pas partie des destinataires concernés, veuillez en informer immédiatement l'expéditeur, ainsi que supprimer ce email et les documents joints de manière permanente.

**From:** Lucas Henry <lhenry@ABERNATHY-LAW.com>
**Date:** Thursday, June 4, 2020 at 4:40 PM
**To:** Richard Hunt <rhunt@hunthuey.com>, Christopher McGreal <cmcgreal@disabilityrightstx.org>
**Cc:** Charles Crawford <ccrawford@ABERNATHY-LAW.com>, Kimberly Escamilla <kescamilla@ABERNATHY-LAW.com>
**Subject:** Defendants' Objections to Requested Depositions [IWOV-Legal.FID3029092]

Richard and Chris,

The City and Board are requesting dates for depositions from the requested witnesses. We intend to get those to you soon.

However, the Defendants have objections to submitting some of the witnesses to deposition, and to the proposed deposition topics for each of the representatives of the City/Board under the "deliberative process privilege," "mental process privilege," and "judicial process privilege." These two cases thoroughly analyze the Defendants' position: *Cain v. City of New Orleans*, 2016 U.S. Dist. LEXIS 169819 (E.D. La. December 8, 2016) (affirmed by *Cain v. City of New Orleans*, 2017 U.S. Dist. LEXIS 32041 (E.D. La March 7, 2017)) and *Gary W. v. Louisiana, Dep't of Health & Human Resources*, 861 F.2d 1366 (5th Cir. 1988).

In short, these cases hold that officers of judicial bodies and quasi-judicial bodies cannot be compelled to testify about the mental process used in formulating official judgments or the reasons that motivated them in the performance of adjudicative duties. Further, the "deliberative process" privilege protects deliberations of government decision makers and information prepared for those decision makers to review in the legislative process. As you know, the City of Plano Board of Adjustment is considered a quasi-judicial body under Texas law.

In this case, Plaintiffs request the depositions of numerous BOA members, City employees, as well as corporate representatives. Defendants object to the depositions of Pat Morgan, Robert Miller, and Jim Norton on the basis that these individuals are Board of Adjustment officers or Zoning Commission Officers, and all of their testimony would be either (1) Subject to the judicial process privilege; (2) Unnecessarily cumulative of the testimony to be offered by the corporate representatives; and/or (3) The facts of what occurred at the meeting in question were recorded and have been transcribed for Plaintiffs' review and use.

Defendants also object to the following topics of examination for the BOA's representative (and any other witness) as violating the above privileges: Topic A #1, 2, 3, and 4; Topics B, C, D, and E #1, 3 (except b), 4, and 9; Topic F (all); and Topic G (all). These topics each request information subject to the mental/judicial/deliberative process privilege.

Defendants further object to the following topics of examination for the City's representative (and any other witness) as violating the privileges: #2-7, 19, 22   (and all other topics to the extent the questions ask about how the information was considered by the deliberator, not just the facts).

Defendants also object to the depositions of all other witnesses to the extent they are cumulative/redundant of information sought from other witnesses. This may not be an issue depending on Plaintiffs' agreement with the above objections.

-Lucas

**Lucas Henry,** Associate
lhenry@abernathy-law.com / Abernathy-Law



Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Blvd. / Suite 300 / McKinney, TX. 75069
Main 214.544.4000 / Direct 214.544.4006 / Fax 214.544.4044

closure or distribution is prohibited.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or reproduction of this communication is prohibited.  If you have received this communication in error, please notify us immediately at 214-544-4000 and discard the original message and any attachment(s).  The statements contained herein are not intended to and do not constitute an opinion pursuant to IRS Circular 230.