# EXHIBIT 3

**PRELIMINARY DEFINITIONS:**

1. "Board of Adjustment" or "BoA" means the named Defendant City of Plano's Board of Adjustment as identified and used under the Plano Zoning Ordinance, including any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, employees, representatives, consultants, or agents that either past or present.

2. "Plano" means the named Defendant City of Plano, Texas, including any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, employees, representatives, consultants, or agents that either past or present.

3. "Women's Elevated Sober Living, LLC," means named Plaintiff Lotus Peer Recovery, LLC.

*4.* "Plano's Zoning Code" or "Zoning Code" means the City of Plano's Zoning Code currently in use, unless indicated otherwise.

5. The "lawsuit" or "litigation" refers to the present case styled *Women's Elevated Sober Living, LLC, et al. v. City of Plano, Texas* in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 5:18-cv-00925-XR-JB.

**TOPICS OF EXAMINATION**

Please designate the representative(s) most knowledgeable about and able to communicate concerning the following:

**TOPIC A:**  The BoA's knowledge and understanding of the Plano Zoning Code, including all information on this topic related to:

1. The basis and purpose of the Plano's Zoning Code;

2. The basis and purpose of the following zoning districts as defined and referred to under Plano's Zoning Code:

    a. SF-A
    b. PH
    c. SF-6
    d. SF-7
    e. SF-9
    f. SF-20

3. The basis, purpose, and applicability of the below definitions under Plano Zoning Code contained in the Zoning Code's definition section:

    a. Single-family
    b. Rehabilitation Care Facility
    c. Rehabilitation
    d. Household Care Facility

4. How the terms in (3) above are permitted or not in residentially zoned districts single family;

5. Procedures and criteria for seeking variances or conditional use permits ("CUP") under the Plano Zoning Code;

6. How rental properties in residentially zoned districts are classified under the Plano Zoning Code;

7. Enforcement procedures and activities of the BoA under the Zoning Code towards properties for non-compliance in residentially zoned districts;

8. Revisions or changes made to the Zoning Code;

9. The role of the BoA under the Zoning Code; and

10. Procedures of making accommodation requests under the Federal Fair Housing Act Amendments of 1988, 42 U.S.C. § 3601, et seq., and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. of Plano's Zoning Code requirements.

**TOPIC B:** The BoA's knowledge and understanding of the enactment, administration, and enforcement of Plano Ordinance 2004-9-18, including all information on this topic related to:

1. The basis, purpose, and authority of the Ordinance;

2. The historical backdrop leading to the passage of the Ordinance;

3. The maximum occupancy rule under the Ordinance, including:

   a. The basis, purpose, and authority for the rule of the Ordinance;

   b. Procedures for making a variance request to the rule of the Ordinance;

   c. The criteria for evaluating variances of the rule;

   d. How the criteria for evaluating variances is applied;

   e. Conditions the BoA Council has imposed on variances that have been granted;

   f. Studies conducted by or reviewed by the BoA relating to the occupancy rule; and

   g. Evidence that the occupancy rule is clinically beneficial to residents of boarding home facilities.

4. The basis of definitions under that Ordinance;

5. The role of the BoA in connection with the Ordinance;

6. The procedure for applying for permits for residents covered under the Ordinance;

7. The procedure for registering under the Ordinance, if any;

8. Procedure for making reasonable accommodation requests under the Ordinance;

9. Denial or grant of accommodation requests under the Ordinance since June 1, 2015 from boarding home facilities and any conditions that have been placed on the boarding home facilities when such accommodations were granted; and

10. Procedures for enforcement under the Ordinance.

**TOPIC C:** The BoA's knowledge and understanding of the enactment, administration, and enforcement of Plano Ordinance 2006-4-24, including all information on this topic related to:

1. The basis, purpose, and authority of the Ordinance;

2. The historical backdrop leading to the passage of the Ordinance;

3. The maximum occupancy rule under the Ordinance, including:

   a. The basis, purpose, and authority for the rule of the Ordinance;

   b. Procedures for making a variance request to the rule of the Ordinance;

   c. The criteria for evaluating variances of the rule;

      d. How the criteria for evaluating variances is applied;

      e. Conditions the BoA Council has imposed on variances that have been granted;

      f. Studies conducted by or reviewed by the BoA relating to the occupancy rule; and

      g. Evidence that the occupancy rule is clinically beneficial to residents of boarding home facilities.

4. The basis of definitions under that Ordinance;

5. The role of the BoA in connection with the Ordinance;

6. The procedure for applying for permits for residents covered under the Ordinance;

7. The procedure for registering under the Ordinance, if any;

8. Procedure for making reasonable accommodation requests under the Ordinance;

9. Denial or grant of accommodation requests under the Ordinance since June 1, 2015 from boarding home facilities and any conditions that have been placed on the boarding home facilities when such accommodations were granted; and

10. Procedures for enforcement under the Ordinance.

**TOPIC D:** The BoA's knowledge and understanding of the enactment, administration, and enforcement of Plano Ordinance 2009-6-9, including all information on this topic related to:

1. The basis, purpose, and authority of the Ordinance;

2. The historical backdrop leading to the passage of the Ordinance;

3. The maximum occupancy rule under the Ordinance, including:

      a. The basis, purpose, and authority for the rule of the Ordinance;

      b. Procedures for making a variance request to the rule of the Ordinance;

      c. The criteria for evaluating variances of the rule;

      d. How the criteria for evaluating variances is applied;

      e. Conditions the BoA Council has imposed on variances that have been granted;

      f. Studies conducted by or reviewed by the BoA relating to the occupancy rule; and

      g. Evidence that the occupancy rule is clinically beneficial to residents of boarding home facilities.

4. The basis of definitions under that Ordinance;

5. The role of the BoA in connection with the Ordinance;

6. The procedure for applying for permits for residents covered under the Ordinance;

7. The procedure for registering under the Ordinance, if any;

8. Procedure for making reasonable accommodation requests under the Ordinance;

9. Denial or grant of accommodation requests under the Ordinance since June 1, 2015 from boarding home facilities and any conditions that have been placed on the boarding home facilities when such accommodations were granted; and

10. Procedures for enforcement under the Ordinance.

**TOPIC E:** The BoA's knowledge and understanding of the enactment, administration, and enforcement of Plano Ordinance 2015-06, including all information on this topic related to:

1. The basis, purpose, and authority of the Ordinance;

2. The historical backdrop leading to the passage of the Ordinance;

3. The maximum occupancy rule under the Ordinance, including:

      a. The basis, purpose, and authority for the rule of the Ordinance;

      b. Procedures for making a variance request to the rule of the Ordinance;

      c. The criteria for evaluating variances of the rule;

      d. How the criteria for evaluating variances is applied;

      e. Conditions the BoA Council has imposed on variances that have been granted;

      f. Studies conducted by or reviewed by the BoA relating to the occupancy rule; and

      g. Evidence that the occupancy rule is clinically beneficial to residents of boarding home facilities.

4. The basis of definitions under that Ordinance;

5. The role of the BoA in connection with the Ordinance;

5

6.  The procedure for applying for permits for residents covered under the Ordinance;

7.  The procedure for registering under the Ordinance, if any;

8.  Procedure for making reasonable accommodation requests under the Ordinance;

9.  Denial or grant of accommodation requests under the Ordinance since April 23, 2013 from boarding home facilities and any conditions that have been placed on the boarding home facilities when such accommodations were granted; and

10. Procedures for enforcement under the Ordinance.

**TOPIC F:**  The BoA's knowledge and understanding of Women's Elevated Sober Living, LLC's sober recovery home located at Stoney Point Street, Plano, Texas ("Stoney Point Home"), including all information on this topic related to:

1.  BoA communications relating to Women's Elevated Sober Living, LLC that have already been produced by the BoA and/or the City of Plano, Texas in this lawsuit;

2.  Women's Elevated Sober Living, LLC variance permit application submitted to the BoA in 2019 including, but not limited to, the evaluation, process of evaluating, criteria used, and decision on the permit application;

3.  Women's Elevated Sober Living, LLC's 2018 reasonable accommodation request to the BoA to permit certain number residents at its Stoney Point Home, including, but not limited to, the evaluation, process of evaluating, criteria used, and decision on the accommodation request;

4.  Evidence submitted to the BoA from anyone concerning Women's Elevated Sober Living, LLC's variance request to the BoA in 2019 concerning the Stoney Point Home request for an accommodation and/or variance;

5.  Communications from the public or other third-parties to the BoA and from the BoA to the public or other third-parties concerning Women's Elevated Sober Living, LLC's variance request and accommodation request made to the BoA in 2019 concerning the Stoney Point Home;

6.  Communications from and between Plano to the BoA and from the BoA to Plano concerning Women's Elevated Sober Living, LLC's variance and accommodation request made to the BoA in 2019 concerning the Stoney Point Home; and

7.  Discussion among the members of the BoA on May 28, 2019 of the Board of Adjustment's meeting to consider the Women's Elevated Sober Living, LLC's request for accommodation, including in particular:

a. Whether Women's Elevated Sober Living LLC provided evidence it was seeking an accommodation on behalf of disabled individuals and whether any contrary evidence was presented during the hearing;
b. The evidence with respect to the reasonableness or lack of reasonableness of the request presented during the meeting and considered by the BoA;
c. The evidence with respect to the necessity or lack of necessity of the request presented during the meeting and considered by the BoA;
d. Any other factors considered by the BoA in reaching its decision;
e. The Board of Adjustment's consideration of written materials submitted to it with respect to the request, including the source of such materials;
f. The reason for the Board's decision to deny the request for Women's Elevated Sober Living LLC.

**TOPIC G:** The BoA's knowledge and understanding of the Federal Fair Housing Act Amendments of 1988, 42 U.S.C. § 3601, et seq., and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., including all information on this topic related to:

1. Persons with disabilities in recovery from substance abuse or addiction; and

2. Sober living homes or recovery homes for persons with disabilities from substance abuse.