IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| CONSTANCE SWANSTON and <br> WOMEN'S ELEVATED SOBER LIVING <br> LLC. and SHANNON JONES <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PLANO, TEXAS and <br> CITY OF PLANO BOARD <br> OF ADJUSTMENT <br><br> Defendants | § § § § § § § § § § § § § § § § | CASE NO. 4:19-CV-00412-ALM |

### JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on August 31, 2020, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

A.   COUNSEL FOR THE PARTIES

**Plaintiffs:**

For Constance Swanston and Women's Elevated Sober Living LLC

Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com
Jeanne M. Huey
Texas State Bar No. 24004636
jhuey@hunthuey.com

For Shannon Jones

Rachel B. Cohen-Miller
TX State Bar No. 24064301
rmiller@drtx.org
Christopher P. Mcgreal
TX State Bar No. 24051774
cmcgreal@drtx.org

**Defendant:**

For the City of Plano, Texas and City of Plano Board of Adjustment

Charles J. Crawford
State Bar No. 05018900
ccrawford@abernathy-law.com
Lucas C. Henry
State Bar No. 24101901
lhenry@abernathy-law.com

B.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§ 12133 because the claims herein are based on the private cause of action granted in 42 U.S.C. §3613(a) and 42 U.S.C. §12188 and therefore arise under the laws of the United States.

C.  NATURE OF ACTION

This is an action for housing discrimination prohibited by the Fair Housing Act, 42 U.S.C. §3604 and for discrimination in the provision of programs and services prohibited by the Americans with Disabilities Act, 42 U.S.C. 12132.

D.  CONTENTIONS OF THE PARTIES

1. Plaintiffs' Contentions

The Plaintiffs contend that the City of Plano's Zoning Ordinance intentionally discriminates against those with disabilities by imposing limits on the number of disabled individuals who can occupy a property in a single-family zoning district that do not apply to similarly situated individuals who are not disabled. In particular, the Zoning Ordinance only limits the number of individuals who can be part of an arbitrarily defined "domestic unit" based on health and safety regulations while it limits the number of disabled individuals who can be part of a "household care facility" to eight, and the Zoning Ordinance permits up to ten unrelated individuals who would not qualify to be a "domestic unit" to occupy a such a property along while limiting the number of unrelated disabled individuals who are part of a "household care unit" to eight. The discrimination between disabled members of a household care unit, domestic unit, and unrelated individuals is not rationally related to any legitimate City interest; in fact, the City has never once attempted to gather information or data on the effect of the number of unrelated disabled residents in a household care facility on a single family neighborhood. The only effort made by the City to determine the number of residents in a household care facility was an effort to determine the smallest number the law might allow. The limit in a household care facility was deliberately incorporated in the Zoning Ordinance to discourage sober living facilities from

locating in upscale neighborhoods where larger houses are too expensive to operate with the restricted number of individuals permitted in a household care unit.

The intentional discrimination represented by the Zoning Ordinance violates the City's obligation under the Fair Housing Act to treat those with disabilities equally to those without disabilities. It also violates the City's obligation under the Americans with Disabilities Act to administer and enforce its programs, including its Zoning Ordinance, so as to treat those with disabilities equally to those without disabilities.

Plaintiffs also contend that the Zoning Ordinance has a disparate impact on sober living facilities because it has in fact resulted in almost all sober living facilities in Plano being located in neighborhoods of smaller, less expensive homes, with only Women's Elevated being located in a more upscale neighborhood of larger homes.

In addition, the Plaintiffs contend that the Defendants discriminated against them by refusing to grant an accommodation requested under the Fair Housing Act. In particular, the City of Plano and the Board of Adjustment refused to waive the limit on the number disabled individuals who could reside in the sober living home owned by Constance Swanston and operated by Women's Elevated even though they asked only to be allowed to have fewer than half of the number of non-disabled individuals who could reside on the same property as members of a "domestic unit." This refusal was made despite the fact that the request was reasonable, necessary, and did not have any negative impact on the neighborhood or City.

The Plaintiffs contend that the City of Plano's Zoning Ordinance discriminates against the disabled who seek an accommodation by requiring proof of matters that go beyond what the Fair Housing Act requires. The Zoning Ordinance in place when the Plaintiffs applied for an accommodation required the Board of Adjustment to deny any request

- if it fundamentally altered the city's land use and zoning patterns or
- if the requested accommodation did not substantially serve the public convenience and welfare.

Neither of these requirements is consistent with the Fair Housing Act, which permits denial of a reasonable and necessary accommodation only if there is a direct threat to public health, safety and welfare. Both requirements were imposed in order to justify denial of any request for accommodation by a sober living facility that was operated for profit.

Finally, Swanston and Women's Elevated contend that they are entitled to recover actual damages and punitive damages. All the Plaintiffs contend they are entitled to injunctive relief both to guarantee the operation of Women's Elevated without interference and in the public interest to require the City and Board of Adjustment to comply with the FHA and ADA in the future. All Plaintiffs are also entitled to their attorneys' fees and litigation expenses under both the FHA and ADA.

2. Defendants' contentions.

Defendants contend that the City's zoning ordinance limiting the number of persons who can live in a Household Care Facility in a single-family residential district does not discriminate against persons with disabilities. The ordinance, on its face, permits up to ten unrelated persons with disabilities (eight residents plus two caretakers, who may also have disabilities) to reside in a Household Care Facility. However, only four unrelated persons without disabilities may occupy a single-family residence in Plano. Accordingly, the zoning ordinance at-issue in this case treats persons with disabilities more favorably than persons without disabilities and does not violate the ADA or FHA.

Moreover, the face of the ordinance states its purposes as: "promoting and protecting the public health, safety, morals, and general welfare of the community," and to "guide and regulate the appropriate use or development of all lands, in a manner which will promote the public health, safety, morals, and general welfare," and to "[p]romote the establishment of appropriate population densities and concentrations that will contribute to the well-being of persons and neighborhoods." Further, the ordinance also provides "[t]he SF-7 district is intended to provide for areas of urban single-family development on moderate size lots, protected from excessive noise, illumination, odors, visual clutter, and other objectionable influences to family living." Courts have consistently ruled that municipalities may enact zoning ordinances, including occupancy limitations on residences with unrelated individuals, to further these legitimate, nondiscriminatory purposes.

Further, the Board of Adjustment did not discriminate against Plaintiffs by denying Elevated's request for an accommodation to allow 15 unrelated persons to reside in the Home. The requested accommodation is not financially reasonable or necessary because Elevated has not prudently managed its business affairs, including not charging the market rate for rent, failing to charge rent at all, making substantial interest-free loans to business ventures unrelated to Elevated, and by paying for the personal expenses of Elevated's owners. Nonetheless, notwithstanding the financial mismanagement, Elevated has still been profitable, and can remain profitable with less than 15 residents. Additionally, there is no evidence that the residents could afford to live in the Home, or a mansion similar to the Home, if they were not disabled.

Moreover, the requested accommodation is not therapeutically reasonable or necessary because the residents of the Home can receive therapeutic benefits with fewer residents. 15 residents is not necessary for the women to maintain their sobriety, and the goals of Elevated and its residents can be achieved with fewer than 15 residents in the Home. Additionally, Courts have defined the term "necessary," as used in the FHA, very narrowly to mean "more than something merely helpful or conducive. It suggests instead something 'indispensable,' 'essential,' something that 'cannot be done without.'" Elevated's requested accommodation does not meet this definition of "necessary."

Further, the procedure and manner in which the Board of Adjustment considered Elevated's request for an accommodation was not discriminatory. Chapter 211 of the Texas Local Government Code provides for the creation of boards of adjustment to consider requests for deviations from municipal zoning ordinances. The Board of Adjustment considered Elevated's request at a public hearing and voted against it in accordance with the law.

Moreover, because Plaintiffs failed to file a verified petition for certiorari within 10 days of the Board's decision as required by Chapter 211 of the Texas Local Government Code, Plaintiffs claims are barred by res judicata, collateral estoppel, failure to exhaust administrative remedies, and/or should be dismissed under the *Burford* abstention doctrine.

Defendants deny all of Plaintiffs' allegations of discrimination and entitlement to relief.

E.   STIPULATIONS AND UNCONTESTED FACTS

See Exhibit A.

F.   CONTESTED ISSUES OF FACT AND LAW

See Exhibits B-1 and B-2

G.   LIST OF WITNESSES

See Exhibits C-1 and C-2

H.   LIST OF EXHIBITS

See Exhibits D-1 and D-2

I.   LIST OF PENDING MOTIONS

Plaintiffs Motion to Strike Expert Testimony of Dr. Kevin Gilliand [Dkt. 28]

Defendants' Objections to Plaintiffs' Expert Constance Swanston [Dkt. 23]

Defendants' Motions for Partial Summary Judgment [Dkts. 49 through 52]

Swanston and Women's Elevated's Motion in Limine [Dkt. 55]

J.   PROBABLE LENGTH OF TRIAL

The probable length of trial is five days.

K.   MANAGEMENT CONFERENCE LIMITATIONS

N/A

L.   CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiffs: _____
Richard M. Hunt

/s/ by permission
Christopher McGreal

Attorneys for Defendants   /s/ by permission
Charles J. Crawford

This Joint Pre-Trial Order is hereby approved this ___ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE