# A | R | B | H
## ABERNATHY ROEDER
## BOYD HULLETT
#### EST. 1876

Charles Crawford
ccrawford@abernathy-law.com

1700 Redbud Boulevard, Suite 300 | McKinney, Texas 75069
Main: 214.544.4000 | Fax: 214.544.4040

November 24, 2020

**VIA E-FILING**

Hon. Judge Amos Mazzant
U.S. District Court, Eastern District of Texas
Paul Brown United States Courthouse
101 E. Pecan Street, Room 216
Sherman, Texas 75090

Re:     Case No. 4:19-00412-ALM

Dear Judge Mazzant:

Enclosed with this letter, please find two cases that may be helpful in resolving Defendants' Motion for Summary Judgment on Plaintiff's Facial Challenge to Defendant's Ordinance [Dkt. 52]. These cases were located by Defendants' counsel after Defendants filed their Motion.

Defendants' Motion [Dkt. 52] seeks summary judgment on Plaintiffs' claims that a City of Plano ordinance is facially discriminatory because it limits to ten (eight residents and two caregivers) the number of persons who can live in a Household Care Facility for disabled persons. As stated in Defendants' Motion, the City's ordinances only allow **four** unrelated persons *without* disabilities to live together, but up to **ten** unrelated persons *with* disabilities may live together.

In the first enclosed case, *Avalon Residential Care Homes, Inc. v. City of Dallas*, 130 F. Supp. 2d 833, 839-40 (N.D. Tex. 2000), the court decided that the City of Dallas's ordinance that limited the number of residents in a home for the disabled to six (plus two supervisory personnel) was not discriminatory. The court stated:

> [The City of Dallas] responds that the disputed zoning ordinance allows more unrelated handicapped residents to occupy a dwelling in a single family district than unrelated non-handicapped residents. [The ordinance] allows six unrelated, handicapped persons and two supervisory personnel to reside in a single family home. Only five unrelated, non-handicapped persons may live in that same residence under the City Code. The effect of the increased occupancy limit is to allow unrelated, handicapped persons to live in greater numbers in a single family district as is often necessary for economic reason.

Hon. Judge Amos Mazzant
November 24, 2020
Page 2

> …
>
> Of course, the Court recognizes that the City Ordinance will affect the ability of some unrelated, handicapped persons to choose where they want to live insofar as fifty unrelated, handicapped persons cannot live together in a single family home. But neither can fifty unrelated, non-handicapped persons. Nor should they. There must be certain limits on how people can use property. That is the nature of zoning laws. Plaintiff argues that non non-handicapped person will be denied a dwelling unit by the City's actions. This is simply not the case. The City's zoning laws restrict the number of unrelated people who can occupy a residence, whether a person is handicapped or not.

The City of Plano's ordinance is even more generous than the City of Dallas ordinance upheld in *Avalon Residential Care Homes, Inc.*, because it allows up to 10, rather than 6, unrelated disabled persons to live together. As such, like the less-generous Dallas ordinance, the ordinance at issue in this case is not facially discriminatory under the Fair Housing Act or Americans with Disabilities Act.

Also enclosed with this letter is *Deep E. Tex. Regional Mental Health Mental Retardation Servs. v. Kinnear*, 877 S.W.2d 550, 563 (Tex. App.—Beaumont, no pet.) (holding that TEX. HUM. RES. CODE ANN. § 123.001 et seq., which limits to 6 the number of disabled persons who can live in a community home for the disabled, does not offend the Texas or U.S. Constitutions, and is "not arbitrary, capricious, unreasonable; nor . . . obviously or patently [ ] beyond the reasonable necessities of the pressing problems involving public health, safety, comfort, and the public welfare.").

Thank you for your consideration of these two cases in resolving Defendants' Motion [Dkt. 52].

Yours truly,

*Charles Crawford*

**Charles Crawford**
Counsel for Defendants

Enclosures

## Certificate of Service

I Certify that on November 24, 2020, a true and correct copy of the above correspondence, and enclosures, was served on all counsel of record via the Court's e-filing system.

*Charles Crawford*
**Charles Crawford**