IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| CONSTANCE SWANSTON and WOMEN'S ELEVATED SOBER LIVING LLC. and SHANNON JONES<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PLANO, TEXAS CITY OF PLANO'S BOARD OF ADJUSTMENT<br><br>Defendant | § | CASE NO. 4:19-CV-00412-ALM |

**REPLY IN SUPPORT**
**OF PLAINTIFFS' MOTION IN LIMINE**

Plaintiffs make this Reply in Support of their Motion in Limine [Dkt 76] as follows:

## I. There is no *a priori* rule against the Court's consideration of a Motion in Limine in a bench trial.

While the Court certainly has the discretion to deny a Motion in Limine and defer evidentiary rulings until trial nothing in the Rules of Evidence requires this result.

> the Court is not precluded from granting motions to exclude evidence in a bench trial, especially where resolution of the motion would streamline the trial process.

*Salomon Constr. and Roofing Corp. v. James McHugh Constr. Co.*, 2019 WL 5256980, at *4 (S.D. Fla. Mar. 22, 2019). As another court has observed, "motions in limine can be useful procedural tools 'necessary to facilitate the efficient administration of justice.' *Grand Canyon Trust v. Public Serv. Co. of N.M.*, 294 F. Supp. 2d 1246, 1247 (D.N.M. 2003). In addition, "[a] motion in limine provides the court with the opportunity to rule on the admissibility of evidence and thus prevents encumbering the record with irrelevant material.". *Murphy v. U.S.*, 2019 WL 2392908, at *1 (D.N.M. June 6, 2019). Streamlining the trial process is especially important at present when

ordinary trial procedures are complicated by steps take to ameliorate the risk of transmission of Covid-19. Items 1 through 22 in Plaintiffs' Motion in Limine address evidence whose exclusion does not depend on matters that arise only in trial. Granting the Motion in Limine with respect to these items will streamline the trial and prevent encumbering the record with irrelevant material. They should be considered on their merits.

## II. Specific Items.[1]

### A. Limine Items 4 through 8 – evidence of studies, reports, data compilations and other evidence concerning the public health, safety and welfare.

The City produced Christina Day as one of its representatives. In her deposition she testified that the City never did any studies concerning matters related to public health, safety and welfare in connection with the passage of the Zoning Ordinance.[2] In particular, she testified as follows:

> Deposition at page 13
>
> 18 Q. Okay. And then we -- we'll broaden that
> 19 out to the general health and -- the health and
> 20 general welfare of the city. The city didn't ever
> 21 study whether household care facilities have a
> 22 negative or positive effect on health and general
> 23 welfare, did it?
> 24 A. No, we did not.

Having denied, or more properly, admitted, that it never gathered any evidence concerning the effect of group homes on the public health, safety and welfare the City should not be permitted to offer contrary evidence at trial.

---

[1] Items 1, 2 and 9 are withdrawn.
[2] Exhibit 1, excerpts from the Day deposition.

**B. Limine Items 3 and 10 through 13**

Defendants argue that having produced witnesses and documents they are somehow excused from the obligation to fully answer interrogatories. The Fifth Circuit has observed that:

> Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive.

*Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977). The "purpose of the interrogatories is to discover facts or to learn where such facts are available and to narrow the issues of fact" *U.S. v. 216 Bottles, More or Less, Sudden Change by Lanolin Plus Lab. Div. Hazel Bishop Inc.*, 36 F.R.D. 695, 701 (E.D.N.Y. 1965). What the Defendants suggest is that instead of taking the interrogatory answers at face value the Plaintiffs should have assumed they were incomplete and searched through the documents, interrogated witnesses, and moved to compel more complete answers in order to find out the truth about the City's positions and evidence. If answers to interrogatories cannot be accepted as true and complete then they are pointless. The Defendants should not be permitted to offer evidence or arguments on matters covered by these interrogatories that go beyond their answers to the interrogatories themselves.

**C. Limine items 14 and 18**

The quality of the evidence that is the subject of items 14 and 18 will not improve between now and trial. As noted above, making evidentiary rulings in response to a Motion in Limine can streamline the presentation at trial, and that justifies a ruling before trial.

**D. Limine item 19**

The last deposition in this case took place on September 21, 2020, when the City's corporate representative, Christina Day, was deposed. Seven days later, just 3 days before the discovery cutoff, the City produced an additional 7822 pages of documents. Some are duplicates

of earlier produced documents, but many are not. None appear to have been created in the last several months or to have been unavailable to the City and BOA. Rule 26(e) requires that parties supplement their discovery responses in a timely manner. Nine days before the discovery cutoff and after the Plaintiffs' last opportunity to interrogate the Defendants' witnesses is not timely with respect to documents the Defendants have had in their possession for months or years. Unless the Defendants have some explanation for their failure to produce these documents as required by Rule 26(e) they should not be permitted to use them at trial. [3]

## CONCLUSION

A common theme runs through Defendants' Response to Plaintiffs Motion in Limine and its discovery responses in general; that is, that Defendants should not be required to fully and timely respond to discovery and should not be bound at trial by their own discovery responses and the testimony of their designated representatives. None of the evidence that is the subject of the Motion in Limine will be admissible at trial and by ruling now the Court will permit the parties and Court to know what the scope of the issues and evidence at trial will be. The Court should grant the Motion in Limine.

DATED: November 27, 2020

Respectfully submitted,

Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com
Jeanne M. Huey
Texas State Bar No.
jhuey@hunthuey.com

[3] Defendants do not address Items 15, 16 and 17 in their Response, presumably because they have no objection to them.

HUNT HUEY PLLC
7333 Lee Parkway, Suite 600
Dallas, Texas 75216
Telephone: (214) 641-9182
Facsimile: (214) 279-6124

ATTORNEYS FOR SWANSTON AND ELEVATED

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument was served on all parties through their respective counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure on November 27, 2020.

Richard M. Hunt