# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CONSTANCE SWANSTON, WOMEN'S ELEVATED SOBER LIVING LLC, and SHANNON JONES, § § § § § § § § § § § *Plaintiffs*, v. CITY OF PLANO, TEXAS, *Defendant*. | Civil Action No. 4:19-cv-412 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Plano's Motion for Summary Judgment on Plaintiffs' Damage Claims and Other Claims for Miscellaneous Equitable Relief (Dkt. #50). Having considered the Motion and the relevant pleadings, the Court finds that it should be granted in part and denied in part.

## BACKGROUND

In November 2018, Women's Elevated Sober Living LLC ("Elevated"), a Texas limited liability company that provides support services for recovering drug and alcohol addicts, opened a sober living home ("Home") located at 7312 Stoney Point Dr., Plano, Texas. Elevated operates the Home under an arrangement with Plaintiff Constance Swanston ("Swanston"), who leases the property to Elevated, serves as a member of Elevated, and works to operate the Home. Since its opening, the Home has housed as many as fifteen to nineteen unrelated residents. Under a municipal zoning ordinance ("Ordinance"), Defendant City of Plano limits the number of unrelated disabled persons who may live in a single-family dwelling located in a residential neighborhood to eight (plus two caregivers). After receiving complaints from various citizens about Elevated,

Defendant informed Elevated in March 2019 that operating the Home with fifteen residents violated zoning restrictions for the neighborhood in which the Home is located.

In response, Elevated applied for a reasonable accommodation in the form of a variance to allow up to fifteen unrelated disabled persons to live in the Home. After the application was submitted to Defendant's Board of Adjustments ("Board"), a hearing was held on May 28, 2019, during which more than fifty local homeowners expressed serious concern regarding the Home's location. Following the hearing, the Board denied the requested variance.

On June 5, 2019, Swanston and Elevated filed their initial complaint against Defendant, alleging causes of action under the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") (Dkt. #1). One week later, Plaintiffs filed an amended complaint as of right, adding Shannon Jones ("Jones"), a resident of the Home, as an additional plaintiff (Dkt. #2). On July 31, 2020, Defendant filed its Motion for Summary Judgment on Plaintiffs' Damage Claims and Other Claims for Miscellaneous Equitable Relief (Dkt. #50), currently before the Court. On August 22, 2020, Plaintiffs filed their response to the Motion (Dkt. #67). On August 31, 2020, Defendant filed its reply (Dkt. #71). And on September 8, 2020, Plaintiffs filed their sur-reply (Dkt. #74).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Dispute over a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th

Cir. 2019). Trial courts "must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020).

The party moving for summary judgment bears the initial burden of identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant satisfies this burden as to a claim or defense for which summary judgment is sought, evidence must be offered that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may discharge the burden by demonstrating the absence of evidence supporting the nonmovant's case. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried this initial burden, the nonmovant "must go beyond the pleadings and present specific facts indicating a genuine issue for trial in order to avoid summary judgment." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden—reciting "barebones, conclusory, or otherwise-unsupported assertions" is simply insufficient. *Hassen v. Ruston Louisiana Hosp. Co., L.L.C.*, 932 F.3d 353, 355–56 (5th Cir. 2019); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). And courts are not required "to sift through the record in search of evidence to support a

party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Rather, to have a request for summary judgment dismissed, a nonmovant must show with "'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). Courts must "'draw all reasonable inferences in favor of the nonmoving party' and 'refrain from making credibility determinations or weighing the evidence.'" *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## ANALYSIS[1]

Defendant argues that Plaintiffs cannot recover punitive damages under the ADA (Dkt. #50 at p. 9). Plaintiffs brought their ADA claim under Title II of the statute. *Swanston v. City of Plano*, No. 4:19-CV-412, 2020 WL 6799173, at *4 (E.D. Tex. Nov. 19, 2020). Punitive damages may not be awarded in a suit brought under Title II of the ADA. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Therefore, the Court finds that Defendant's motion for summary judgment should be granted as to the availability of punitive damages under Plaintiffs' ADA claim.

As for the remaining arguments Defendant advances, the Court is unpersuaded that Defendant has met its burden of demonstrating the lack of a genuine issue of material fact. Accordingly, the rest of Defendant's motion for summary judgment should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment on Plaintiffs' Damage Claims and Other Claims for Miscellaneous Equitable Relief (Dkt. #50) is **GRANTED**

---

[1] The parties have agreed to stipulate that Jones does not seek any damages (Dkt. #67 at pp. 4–5; Dkt. #71 at p. 1).

as to the availability of punitive damages under Plaintiffs' ADA claim and is **DENIED** as to all remaining aspects of the Motion.

    **SIGNED this 1st day of December, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE