# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CONSTANCE SWANSTON, WOMEN'S ELEVATED SOBER LIVING LLC, and SHANNON JONES, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF PLANO, TEXAS, <br><br> *Defendant*. | § <br> § <br> § Civil Action No. 4:19-cv-412 <br> § Judge Mazzant <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Plano's Motion for Summary Judgment on Plaintiffs' Failure to Accommodate Claims (Dkt. #51). Having considered the Motion and the relevant pleadings, the Court finds that it should be denied.

## BACKGROUND

In November 2018, Women's Elevated Sober Living LLC ("Elevated"), a Texas limited liability company that provides support services for recovering drug and alcohol addicts, opened a sober living home ("Home") located at 7312 Stoney Point Dr., Plano, Texas. Elevated operates the Home under an arrangement with Plaintiff Constance Swanston ("Swanston"), who leases the property to Elevated, serves as a member of Elevated, and works to operate the Home. Since its opening, the Home has housed as many as fifteen to nineteen unrelated residents. Under a municipal zoning ordinance ("Ordinance"), Defendant City of Plano limits the number of unrelated disabled persons who may live in a single-family dwelling located in a residential neighborhood to eight (plus two caregivers). After receiving complaints from various citizens about Elevated,

Defendant informed Elevated in March 2019 that operating the Home with fifteen residents violated zoning restrictions for the neighborhood in which the Home is located.

In response, Elevated applied for a reasonable accommodation in the form of a variance to allow up to fifteen unrelated disabled persons to live in the Home. After the application was submitted to Defendant's Board of Adjustments ("Board"), a hearing was held on May 28, 2019, during which more than fifty local homeowners expressed serious concern regarding the Home's location. Following the hearing, the Board denied the requested variance.

On June 5, 2019, Swanston and Elevated filed their initial complaint against Defendant, alleging causes of action under the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") (Dkt. #1). One week later, Plaintiffs filed an amended complaint as of right, adding Shannon Jones ("Jones"), a resident of the Home, as an additional plaintiff (Dkt. #2). On July 31, 2020, Defendant filed its Motion for Summary Judgment Failure to Accommodate Claims (Dkt. #51), currently before the Court. On August 22, 2020, Plaintiffs filed their response to the Motion (Dkt. #66). On August 31, 2020, Defendant filed its reply (Dkt. #70). And on September 8, 2020, Plaintiffs filed their sur-reply (Dkt. #74).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Dispute over a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th

Cir. 2019). Trial courts "must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020).

The party moving for summary judgment bears the initial burden of identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant satisfies this burden as to a claim or defense for which summary judgment is sought, evidence must be offered that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may discharge the burden by demonstrating the absence of evidence supporting the nonmovant's case. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried this initial burden, the nonmovant "must go beyond the pleadings and present specific facts indicating a genuine issue for trial in order to avoid summary judgment." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden—reciting "barebones, conclusory, or otherwise-unsupported assertions" is simply insufficient. *Hassen v. Ruston Louisiana Hosp. Co., L.L.C.*, 932 F.3d 353, 355–56 (5th Cir. 2019); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). And courts are not required "to sift through the record in search of evidence to support a

party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Rather, to have a request for summary judgment dismissed, a nonmovant must show with "'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). Courts must "'draw all reasonable inferences in favor of the nonmoving party' and 'refrain from making credibility determinations or weighing the evidence.'" *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## ANALYSIS

Defendant offers four arguments as to why Plaintiffs' failure-to-accommodate claim fails as a matter of law[1] (Dkt. #51 at pp. 5–13). None are availing.

The first three positions advanced by Defendant run together, as they all stem from the notion that state administrative remedial schemes play a role in this setting (Dkt. #51 at pp. 5–11). But whether Plaintiffs utilized state administrative remedial schemes prior to bringing a claim under these causes of action is irrelevant. *See Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 106 (1979) ("[T]he [legislative] history suggests that all [FHA] complainants were to have available immediate judicial review."); *id.* at 126 (Rehnquist, J., dissenting) ("Immediate access to federal judicial power under [the FHA] was reserved to those directly victimized by a discriminatory housing practice . . . ."); H.R. Rep. No. 100-711, at 38 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 2173, 2200 ("An aggrieved person is not required to exhaust the administrative

---

[1] Defendant also argues that the individual plaintiffs do not have standing to bring a failure-to-accommodate claim because they have been unaffected by the Ordinance (Dkt. #51 at p. 13). Simply because the Ordinance has yet to take effect does not mean the individual plaintiffs lack standing. *Swanston v. City of Plano*, No. 4:19-CV-412, 2020 WL 6799173, at *3 n.4 (E.D. Tex. Nov. 19, 2020) (explaining the applicability of the voluntary-cessation doctrine to this case).

4

process before filing a civil action."); *see also Bryant Woods Inn, Inc. v. Howard Cnty., Md.*, 124 F.3d 597, 601 (4th Cir. 1997) ("[Defendant] contends that the Federal Housing Act requires [plaintiff] to exhaust available administrative remedies and that [plaintiff's] failure to pursue its statutorily-created right of appeal to the [municipal board of appeals] under [the municipal zoning code] makes this claim premature.  But the Fair Housing Act provides otherwise."); *Huntington Branch, N.A.A.C.P. v. Town of Huntington, N.Y.*, 689 F.2d 391, 393 (2d Cir. 1982) ("[T]he purpose of allowing 'immediate judicial review' as an alternative to local remedies would be seriously undercut if [FHA] actions were conditioned upon prior exhaustion of state administrative remedies." (citation omitted)).  The "exhaustion of remedies defense does not apply" here (Dkt. #66 at p. 5).  Similarly, "the proposition that administrative estoppel precludes challenges to discriminatory zoning proceedings" is inconsistent with established law (Dkt. #66 at p. 13).  *See, e.g.*, *Borum v. Brentwood Vill., LLC*, 218 F. Supp. 3d 1, 15–16 (D.D.C. 2016) (explaining the non-preclusive effect of state administrative proceedings in the FHA context).

Defendant also argues that because Texas "has created by statute an adjudicatory state process to address the appeals of zoning decisions by boards of adjustment," the Court should decline to adjudicate the case under the *Burford* abstention doctrine (Dkt. #51 at pp. 12–13).  In *Burford*, the Supreme Court delineated a form of abstention under which the issues present before a federal court "'so clearly involve basic problems of State policy' that the federal courts should avoid entanglement." *Aransas Project v. Shaw*, 775 F.3d 641, 649 (5th Cir. 2014) (second brackets omitted) (quoting *Burford v. Sun Oil Co.*, 319 U.S. 315, 332 (1943)).  "*Burford* abstention is an 'extraordinary and narrow exception to the duty of [federal district courts] to adjudicate a controversy properly before [them].'" *Stratta v. Roe*, 961 F.3d 340, 356 (5th Cir. 2020) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)).  Abstaining under *Burford* "must be

weighed against federal courts' 'virtually unflagging obligation to exercise the jurisdiction given them' by Congress." *Id.* at 357 (ellipsis omitted) (quoting *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 821 (1976)).

Defendant's call for the Court to abstain under *Burford* is misplaced.  Plaintiffs do not dispute how local law should be interpreted; rather, they allege that Defendant failed to accommodate their request as is required under federal law (Dkt. #66 at p. 13).  *See Heritage Farms, Inc. v. Solebury Tp.*, 671 F.2d 743, 748 (3d Cir. 1982) ("The policies embodied in the [municipal zoning code] are not being attacked—it is rather the application of those policies by a single township that is at issue."); *see also Nasser v. City of Homewood*, 671 F.2d 432, 440 (11th Cir. 1982) (explaining the inapplicability of *Burford* abstention to municipal-zoning cases).  As such, Defendant's argument for the Court to abstain under *Burford* misses the mark.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment on Plaintiffs' Failure to Accommodate Claims (Dkt. #51) is **DENIED**.

**SIGNED this 1st day of December, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE