# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CONSTANCE SWANSTON, WOMEN'S ELEVATED SOBER LIVING LLC, and SHANNON JONES,<br><br>v.<br><br>CITY OF PLANO, TEXAS. | §<br>§<br>§  Civil Action No. 4:19-cv-412<br>§  Judge Mazzant<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Plano's Motion for Reconsideration (Dkt. #93). Having considered the Motion and the relevant pleadings, the Court finds that it should be denied.

## BACKGROUND

This case centers around alleged violations of the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") by Defendant City of Plano (Dkt. #2). Defendant filed a Motion for Summary Judgment on Plaintiffs' Facial Challenge to Defendant's Ordinance (Dkt. #52), which the Court granted as to the direct-evidence theory of Plaintiffs' FHA claim and denied as to the circumstantial-evidence theory of Plaintiff's FHA claim (Dkt. #92). Five days later, Defendant filed its Motion for Reconsideration (Dkt. #93), currently before the Court. On December 18, 2020, Plaintiffs filed their Reply in Opposition to Defendant's Motion for Reconsideration (Dkt. #95).

## LEGAL STANDARD

Even though the "'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it [is] one of the more popular indoor courthouse sports at the district court level." *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (quoting *Louisiana v.*

*Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)); see *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*."), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Motions to reconsider serve the "very limited purpose . . . [of] 'permit[ting] a party to correct manifest errors of law or fact, or to present newly discovered evidence.'" *Polen v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00842, 2017 WL 3671370, at *1 (E.D. Tex. June 30, 2017) (quoting *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002)). Granting a motion to reconsider "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

"Mere disagreement with a district court's order does not warrant reconsideration of [an] order." *Westport Ins. Corp.*, 571 F. Supp. 2d at 738 (citing *Krim*, 212 F.R.D. at 332). Moreover, parties should present their strongest arguments upon initial consideration of a matter—motions for reconsideration cannot serve as vehicles for parties to "restate, recycle, or rehash arguments that were previously made." *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *3 (E.D. Tex. Aug. 10, 2020) (citing *Krim*, 212 F.R.D. at 332); *see Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) ("[M]otions for reconsideration 'should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.'" (brackets and ellipsis omitted)). A "district court's 'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

## ANALYSIS

The manifest error Defendant's motion alleges is that the Court's summary-judgment analysis "sets forth contradictory holdings" that "cannot coexist" (Dkt. #93 at p. 1). Specifically, Defendant argues that the ordinance in question ("Ordinance") cannot simultaneously treat disabled persons better than non-disabled persons and still present "a genuine issue of material fact as to whether there is circumstantial evidence that the City's reasons for enacting the ordinance were a mere pretext for discrimination against disabled persons" (Dkt. #93 at p. 1).

Defendant has not shown manifest errors of law or newly discovered evidence. *Templet*, 367 F.3d at 478–49. It has not shown (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Defendant has simply failed to demonstrate it is entitled to the extraordinary relief an order granting a motion for reconsideration provides. *See Templet*, 367 F.3d at 478. As such, the Court finds that its original decision should stand.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Reconsideration (Dkt. #25) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 22nd day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE