# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CONSTANCE SWANSTON, WOMEN'S ELEVATED SOBER LIVING LLC, and SHANNON JONES, <br><br>*Plaintiffs*, <br><br>v. <br><br>CITY OF PLANO, TEXAS, <br><br>*Defendant*. | § § § § § § § § § § § § Civil Action No.  4:19-cv-412 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike the Testimony of Dr. Kevin Gilliland (Dkt. #28).  Having considered the Motion and the relevant pleadings, the Court finds that it should be denied.

### BACKGROUND

This case centers around alleged violations of the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") by Defendant City of Plano (Dkt. #2).  On April 29, 2020, Plaintiffs Constance Swanson, Women's Elevated Sober Living LLC, and Shannon Jones (collectively, "Plaintiffs") filed their Motion to Strike the Testimony of Dr. Kevin Gilliland (Dkt. #28), currently before the Court.  On May 13, 2020, Defendant City of Plano filed its response to the Motion (Dkt. #30).  On May 18, 2020, Plaintiffs filed their reply (Dkt. #31).

### LEGAL STANDARD

"The Federal Rules of Evidence permit the use of expert testimony when such testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Gen. Star Indem. Co. v. Sherry Brooke Revocable Tr.*, 243 F. Supp. 2d 605, 623 (W.D. Tex. 2001) (citing

FED. R. EVID. 702). But "prior to admitting expert testimony, 'district courts must be assured that the proffered witness is qualified to testify by virtue of his knowledge, skill, experience, training, or education.'" *Taylor Pipeline Const., Inc. v. Directional Rd. Boring, Inc.*, 438 F. Supp. 2d 696, 705 (E.D. Tex. 2006) (cleaned up) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)); *see Balfour Beatty Rail, Inc. v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363, 408 (N.D. Tex. 2016) ("District courts are assigned a gatekeeping role to determine the admissibility of expert testimony." (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–98 (1993))). Courts act as gatekeepers "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Courts review the admissibility of expert opinions under the framework the Supreme Court set out in *Daubert*. *Sandifer v. Hoyt Archery, Inc.*, 907 F.3d 802, 807 (5th Cir. 2018). The party offering an expert's testimony must prove "(1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *Hall Arts Ctr. Office, LLC v. Hanover Ins. Co.*, 327 F. Supp. 3d 979, 1001 (N.D. Tex. 2018) (citing *Kumho*, 526 U.S. at 147). "A proffered expert witness is qualified to testify by virtue of his or her 'knowledge, skill, experience, training, or education.'" *Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460, 467 (E.D. Tex. 2013) (quoting FED. R. EVID. 702). "[E]xpert testimony is admissible only if it is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002); *see Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) ("It goes without saying that *Daubert* clarified a district court's gate-keeping function: the court must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case."). "This gate-keeping

obligation applies to all types of expert testimony, not just scientific testimony." *Kuhmo*, 526 U.S. at 147.

Critically, the party offering expert testimony "must prove by a preponderance of the evidence that the testimony is reliable," not that it is correct. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The role of district courts at this juncture is to ensure relevance and reliability, not accuracy. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997) (explaining the district courts' role under *Daubert* is deciding "whether the expert is a hired gun or a person whose opinion in the courtroom will withstand the same scrutiny that it would among his professional peers"). It is imperative for district courts to bear in mind that the *Daubert* regime does not enlist judges "as a replacement for the adversary system." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996); *see Dearmond v. Wal–Mart La. LLC*, 335 F. App'x 442, 444 (5th Cir. 2009) ("Cross-examination at trial . . . is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of the jury.").

Courts consider the factors put forward by the *Daubert* Court to help assess the reliability of expert testimony:

> (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted by the scientific community.

*SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 775 n.4 (5th Cir. 2017) (citing *Pipitone*, 288 F.3d at 244). "When evaluating *Daubert* challenges, courts focus 'on the experts' principles and methodology, not on the conclusions that the experts generate.'" *Mobility Workx, LLC v. Cellco*

*P'ship*, No. 4:17-CV-00872, 2019 WL 5721814, at *3 (E.D. Tex. Nov. 5, 2019) (brackets omitted) (quoting *Daubert*, 509 U.S. at 595).

The *Daubert* factors are "non-exclusive and 'do not constitute a definitive checklist or test.'" *United States v. Norris*, 217 F.3d 262, 269 (5th Cir. 2000) (quoting *Kumho*, 526 U.S. at 150). This inquiry is a "flexible one," allowing district courts "to identify the most germane considerations." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012) (citing *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010)); *see Kumar v. Frisco Indep. Sch. Dist.*, No. 4:19-CV-00284, 2020 WL 4464502, at *19 (E.D. Tex. Aug. 4, 2020) ("The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue." (citing *Kumho*, 526 U.S. at 152)). Nevertheless, "caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's note to 2000 amendment. Whether to allow or exclude expert testimony is committed to the sound discretion of district courts, *St. Martin v. Mobil Expl. & Producing U.S. Inc.*, 224 F.3d 402, 405 (5th Cir. 2000), and such decisions will be overturned only if a district court commits an abuse of discretion, *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016).

## ANALYSIS

Defendants argue that the Court should exclude Dr. Gilliland from testifying because his opinions "have no scientific support" and are "unreliable" (Dkt. #28 at p. 2). The Court does not find the exclusion of his opinions warranted.

"The primary purpose of the *Daubert* filter is to protect juries from being bamboozled by technical evidence of dubious merit, as is implicit in the courts' insistence that the *Daubert* inquiry performs a 'gatekeeper' function." *Kumar v. Frisco Indep. Sch. Dist.*, No. 4:19-CV-00284, 2020 WL 1503270, at *2 (E.D. Tex. Mar. 27, 2020) (internal quotation marks omitted) (quoting

4

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2018 WL 2149736, at *4 (E.D. Tex. May 10, 2018)). The *Daubert* standard, however, does not function to preclude questionable evidence from consideration at trial. The Supreme Court has stated that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

That said, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case . . . where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). In a bench trial, "it is presumed that the judge will understand the limited reason for the disclosure of [any] underlying inadmissible information and will not rely on that information for any improper purpose." *Williams v. Illinois*, 567 U.S. 50, 69 (2012). Simply, "the importance of the trial court's gatekeeper role is significantly diminished . . . because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 330 (5th Cir. 2010).

Because the Court, and not a jury, will hear this case, the safeguards "provided for in Rules 701 and 702 and discussed in *Daubert* are largely irrelevant." *Air Evac EMS, Inc. v. Sullivan*, 331 F. Supp. 3d 650, 657 (W.D. Tex. 2018). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" will suffice in attacking potentially shaky, but admissible, evidence. *Daubert*, 509 U.S. at 596.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike the Testimony of Dr. Kevin Gilliland (Dkt. #28) is **DENIED**.

**SIGNED this 1st day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE