IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CONSTANCE SWANSTON and WOMEN'S ELEVATED SOBER LIVING LLC., and SHANNON JONES, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 4:19-CV-00412-ALM |
| CITY OF PLANO, TEXAS, and CITY OF PLANO'S BOARD OF ADJUSTMENT, | § § § § § | JUDGE: AMOS L. MAZZANT |
| Defendants. | § § | |

**PLAINTIFF SHANNON JONES' MOTION
FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Shannon Jones, through undersigned counsel, makes the following Request for Attorneys' Fees and Costs pursuant to the Court's Memorandum Opinion and Order of August 27, 2021 [Dkt. 120]. Therefore, in accordance with the Court's Order, Plaintiff Ms. Jones, as a prevailing party in this action, files this motion and demand for an award of reasonable attorneys' fees and costs. As justification for the amount requested, Plaintiff Ms. Jones would show as follows:

      **I.**    **Plaintiff Ms. Jones is Entitled to Reasonable Attorneys' Fees**

**A. Determination of a Fee Award Begins with Calculation of the Lodestar**

An award of attorneys' fees is determined by multiplying "the number of hours reasonably expended…by a reasonable hourly rate." *Blum v. Stenson,* 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). Once this figure (the "lodestar") is calculated, the court may adjust it based upon the factors established in *Johnson v. Georgia Highway Express,*

*Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)1 "strong presumption" exists that the lodestar figure represents a "reasonable fee" (*City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)), and it "should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Walker v. U.S. Dep't of H.U.D.*, 99 F.3d 761, 767 (5th Cir. 1996).

Here, Plaintiff Ms. Jones seek an award for a reasonable number of hours worked at hourly rates that are comparable to, or less than, the prevailing rates for lawyers with similar experience in Texas. These figures are set forth in Section III. Summary of Fees and Expenses and are supported by the declaration and time records of Christopher McGreal. *See* Exhibit.

**B. Plaintiff Expended a Reasonable Number of Hours in this Litigation**

Plaintiff Ms. Jones demonstrates the reasonableness of their fee request by supporting it with contemporaneously created billing records containing "the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered." Counsel's records, beginning in June 2019 and extending through the preparation of this fee request, easily satisfy the standard in *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.* ("*LULAC*"), 119 F.3d 1228, 1233 (5th Cir. 1997) (*League of United Latin Am. Citizens # 4552)*. (finding time records submitted by Plaintiff counsel not vague or incomplete and thus sufficient to support award of fees). Plaintiff has submitted detailed, contemporaneous time records that contain the date, activity, the number of hours spent (calculated to a tenth of an hour), the time actually "billed" (allowing for the exercise of billing judgment), and a short description

---

1 These 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

of the services rendered. These records more than satisfy the standard established in *League of United Latin American Citizens #4552.*

### C. Plaintiff's Counsel Exercised Billing Judgment by Reducing their Hours

Prevailing plaintiffs are expected to exercise billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker*, 99 F.3d at 769. In compliance with this requirement, Plaintiffs' counsel have exercised careful and reasonable billing judgment, reducing their hours where appropriate. Although Attorney McGreal had the assistance and benefit of counsel Rachel Cohen-Miller, Plaintiff is not seeking an award of attorney's fees for her time assisting with the successful litigation of this case for permanent injunctive relief.[2] As there is only one attorney claiming hours for Ms. Jones, there is no chance of duplication of efforts. Any remaining entries reflect work that justifies the entries made, including when necessary, work by more than one attorney. No hours are claimed that are excessive, redundant, or otherwise unnecessary; all of the hours were reasonably and necessarily expended litigating this case, as indicated by the attached affidavits and records.

Additionally, as the billing records show, Plaintiff's counsel have exercised careful and reasonable billing judgment, reducing hours where appropriate. Besides not billing for the work of Ms. Cohen-Miller, no hours are claimed at all for time spent preparing the demand letter for attorney's fees or for time spent preparing this fee motion. Nor are any hours claimed for support staff or law clerks, although support staff and law clerks provided counsel with many hours of assistance. All total, Plaintiff Ms. Jones's counsel Attorney McGreal excluded 10.2 hours of his time in this case, as well as 20.4 hours for Ms. Cohen-Miller are entirely excluded, bringing a total to 30.6 hours excluded in hours that could be claimed. This demonstrates the exercise of billing

---

[2] Ms. Cohen-Miller's reasonable hourly rate would have been $250, had her time been billed.

judgment and more than exceeds the across the board reduction that courts have imposed in the absence of such action taken by counsel. *Cookston v. Miller Freeman, Inc.*, No. 98-2106, 1999 U.S. Dist. LEXIS 14381, at *15 (N.D. Tex. Sept. 14, 1999) (reducing hours by 15% where plaintiff's counsel offered no evidence of having written off hours).

### D. Counsel's Hourly Rates are Reasonable

Attorney McGreal seeks compensation at the rate of $250.00 per hour, which is less than that charged by attorneys with fewer years of experience. As explained more fully in undersigned counsel's declaration, Plaintiff's attorney is an experienced disability rights attorney and has successfully litigated numerous lawsuits in federal court to advance the rights of individuals with disabilities, in particular in Fair Housing Act land use cases involving reasonable accommodations; the heart of this case. Plaintiff's counsel is entitled to hourly rates comparable to their law-firm peers as the determination of a reasonable hourly rate does not vary based on "whether plaintiff [is] represented by private counsel or by [non-profit counsel]," but is consistent across the bar because it is "in the interest of the public that [non-profit] law firms be awarded reasonable attorneys' fees to be computed in the traditional manner[.]" *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984). In *Blum,* the Supreme Court specifically rejected any distinction between the market rates for private and public interest attorneys. 465 U.S. at 894-95. Courts of Appeals have concluded that the community market rate standard, as articulated in *Blum*, requires courts "to assess the experience and skill of the attorneys and compare their rates to those of comparable lawyers in the private business sphere." *Student Pub. Interest Research Grp. v. AT&T Bell Labs*, 842 F.2d 1436, 1447 (3rd Cir. 1988); *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983) ("To pay public interest firms less than private firms could frustrate the prosecution of civil rights

litigation"); *Torres v. Sachs*, 538 F.2d 10, 13 (2nd Cir. 1976) (holding that an award of fees may not be reduced because the prevailing party's counsel was employed by a civil rights organization).

Further, non-profit legal services organizations, such as Disability Rights Texas, are entitled to legal fees at the normal, market rate. *See Blum v. Stenson*, 465 U.S. 886, 892-94, 104 S. Ct. 1541, 1545-47 (1984) (holding nonprofit legal aid organization that represented prevailing Civil Rights Act litigant was entitled to recover attorney's fees calculated under prevailing market rate rather than cost-related basis, even if the fee so calculated exceeded the salaries and expenses of staff counsel).

## II. Plaintiffs are Entitled to Recover Reasonable Litigation Costs

In addition to reasonable attorneys' fees, Plaintiffs also seek recovery of litigation expenses of expert and deposition costs authorized by 42 U.S.C. § 3613. Reasonable costs of experts and depositions are plainly recoverable in section 42 U.S.C. § 3613 fee awards because they are part of the costs normally charged to a fee-paying client. *See Tsombanidis v. West Haven Fire Department*, 352 F.3d 565, 580 (2d Cir. 2003); *Arc of N.J. v. Twp. of Voorhees,* 986 F. Supp. 261 (D.N.J. 1997) (awarding $71,931 in attorneys' fees in successful challenge to ordinance incorporating New Jersey's 1,500-foot spacing requirement restricting community homes for developmentally disabled); *Dev. Servs. of Neb., supra,* No. 4:04-CV-3272, judgment entered July 2, 2007, ECF 221, at 1 (awarding provider $249,687 in attorneys' fees); *Samaritan Inns v. Dist. of Columbia*, 1995 WL 405710 (D.D.C. 1995), *aff'd in relevant part,* 114 F.3d 1227, 1235 (D.D.C. 1997) (awarding provider attorney's fees $684,624.83, including fees and costs incurred in underlying administrative process); *see also Associated Builders & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 380 (5th Cir. 1990)(emphasis added);*West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (5th Cir. 2003) (reaching the same conclusion in the ADEA

context); *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001) (reaching the same conclusion in the Title VII context).

Plaintiff's litigation costs total $11,076.80 and are itemized below as well as in the attached Declaration of Attorney McGreal. *See* Exhibit.

### III.   Summary of Fees and Costs

**Attorneys' Fees for Christopher McGreal**          $39,775.00

**Litigation Expenses and Costs**          $11,076.80

### IV.   Conclusion

For the reasons more fully explained above, Plaintiffs respectfully request that the Court award reasonable attorneys' fees in the amount of $39,775.00 and costs in the amount of $11,076.80.

DATED: November 17, 2021

Respectfully submitted,

*/s/ Christopher P. McGreal*
CHRISTOPHER P. McGREAL
TX State Bar No. 24051774
DISABILITY RIGHTS TEXAS
1420 W. Mockingbird Lane, Ste. 450
Dallas, Texas 75247
Phone: (214) 845-4056
Fax: (214) 630-3472
cmcgreal@drtx.org

*Attorneys for Plaintiff
Shannon Jones*

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the parties have conferred concerning the relief requested above as required by Local Rule CV-7(h) and that this Motion is opposed by Defendants. The conference took place via e-mail on November 17, 2021.

*/s/ Christopher McGreal*
Christopher McGreal

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2021, a true and correct copy of the foregoing document, in electronic form, was sent to the person listed below in accordance with the Local Rules for the U.S. District Court for the Eastern District of Texas via the CM/ECF System:

*/s/ Christopher McGreal*
Christopher McGreal
