IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| CONSTANCE SWANSTON, <br> WOMEN'S ELEVATED SOBER LIVING <br> LLC. and SHANNON JONES <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PLANO, TEXAS <br><br> Defendant | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 4:19-CV-00412-ALM |

**SUR-REPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO ENTER JUDGMENT**

Constance Swanston, Women's Elevated Sober Living, LLC and Shannon Jones ("Plaintiffs") file this Sur-Reply in Opposition to Defendant's Motion to Enter Judgment as follows:

**ARGUMENT**

The Fifth Circuit reversed this Court's judgment but did not render judgment in favor of the City. Instead, it remanded the case for further proceedings. Because the case was remanded this Court has the power to order a new trial. It should exercise that power to grant a new trial because the Court of Appeals announced a new substantive legal standard for proof of "necessity" and the Plaintiffs are entitled to put on evidence addressing this new legal standard.

**I.    This Court has the power, after remand, to order a new trial.**

The Fifth Circuit's judgment contains no specific instructions on what this Court is to do after remand:

> IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED and REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION FOR ENTRY**                                              Page 1 of 5

This Court is not directed to enter judgment for the City nor is it directed to deny a motion for new trial. It must only act "in accordance with the opinion" of the Fifth Circuit. So long as the "further proceedings" ordered by this Court are in accordance with the opinion of the Fifth Circuit they are permitted.

Those "further proceedings" can certainly include granting a new trial, for "[t]he "mandate rule" is "a specific application of the 'law of the case' doctrine." *Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1370 (5th Cir. 1992), quoting *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985). As the Fifth Circuit explained in *Johnson v. Uncle Ben's, Inc.,*

> Under this rule, the district court must follow an appellate decision on an issue in all subsequent trial proceedings unless the presentation of new evidence or an intervening change in the controlling law dictates a different result or if the appellate decision is clearly erroneous and, if implemented, would work an egregious result.

*Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1370 (5th Cir. 1992). The mandate rule anticipates that subsequent proceedings may involve the "presentation of new evidence" that would lead to a different result, so long as the result was consistent with the law established by the Court of Appeals' opinion. Thus, while this Court may be constrained by the Opinion in its evaluation of the evidence, the mandate permits this Court to grant a new trial and hear the evidence the Plaintiffs present.

**II.  A new trial is appropriate when the Court of Appeals announces a new legal standard or when the trial court applied the wrong legal standard.**

Without revisiting earlier arguments, this Court can take note of the Fifth Circuit's decision in *Pavlides v. Galveston Yacht Basin, Inc.* 727 F.2d 330, 340 (5th Cir. 1984). In that case the trial court has applied the wrong burden of proof and made a substantive error of law concerning the adequacy of a warning in a products liability case. The Fifth Circuit reversed and remanded observing that:

> Since the trial court applied an erroneous standard of adequacy of warning and erroneous burdens of proof, the defendants were not called upon to meet the correct test at trial. They must be given a chance to do so. Therefore, we remand for further proceedings on the issue of actual knowledge and related questions.

*Pavlides v. Galveston Yacht Basin, Inc.*, 727 F.2d 330, 340 (5th Cir. 1984). Like the defendants I *Pavlides,* the Plaintiffs "must be given the chance" to meet the newly announced "correct test" for necessity. If the Fifth Circuit intended that this Court would merely enter judgment for the City it would have reversed and rendered judgment rather than reversing and remanding for further proceedings.

### III. The Fifth Circuit's opinion does not exclude the possibility that its newly announced standard for necessity might be met in a new trial.

The Fifth Circuit's remand based on its finding that this Court applied the wrong standard for necessity leaves open two possibilities. The first is that this Court might re-examine the evidence from the last trial in light of the Fifth Circuit's opinion and determine that the evidence would (or would not) support a judgment for the Plaintiffs under that new standard. The second is that this Court might grant a new trial to permit the Plaintiffs to try the case based on the newly announced standard.

The second possibility is both available and appropriate because, as noted above and in earlier briefs, when the Fifth Circuit announces a new legal standard a new trial is appropriate to determine whether that new standard can be met once the parties know what it is. While the City devotes considerable space to arguing that Dr. Majer cannot possibly testify in a way that meets the new standard, the only way to know what the evidence might be is to hear it, not speculate about what it might be.

The first possibility is open as well. There is no end to argument about what a single sentence means in an opinion from the Court of Appeals, but there can be no argument that "the

Court of Appeals is not a trier of facts and does not substitute its own judgment for that of the trial court." *Chaney v. City of Galveston*, 368 F.2d 774, 776 (5th Cir. 1966). To take a single sentence from the Opinion and conclude that the Fifth Circuit did act as a trier of fact, examining not just the evidence cited by this Court in its decisions, but also all the expert testimony and documentary evidence to conclude that it would be impossible to conclude the correct definition of necessity had been met ignores the context in which the sentence appears as well as the well-established jurisprudence concerning the role of the Court of Appeals.

## CONCLUSION

When the record in a case "permits only one resolution of the factual issue" the Fifth Circuit does not remand; it renders judgment. *Wal-Mart Stores, Inc. v. Texas Alcoholic Bev. Comm'n*, 945 F.3d 206 (5th Cir. 2019). The remand in this case proves that the Fifth Circuit believes there is a resolution of the factual issues that would support a judgment for the Plaintiffs, whether based on the existing trial record or after a new trial. Moreover, when the Fifth Circuit announces a new rule of law, or even when a case is tried on the wrong legal theory, remand is appropriate so the case can be tried based on the newly announced rule. See, *Walker v. Thomas*, 119 F.2d 58 (5th Cir. 1941), *Pavlides v. Galveston Yacht Basin, Inc.*, supra, and cases cited in Plaintiffs' earlier briefs. This Court has the authority based on the mandate to order a new trial and because this is the most conservative approach to permitting the parties' a fair hearing a new trial should be granted..

DATED: March 7, 2024

                                          Respectfully submitted,

                                          _____
                                          Richard M. Hunt
                                          Texas State Bar No. 10288700
                                          rhunt@hunthuey.com
                                          Jeanne M. Huey
                                          Texas State Bar No.
                                          jhuey@hunthuey.com

          HUNT HUEY PLLC
          3010 Mountain Ash Court
          Garland, Texas 75011
          Telephone: (214) 641-9182
          Facsimile:  (214) 279-6124

          ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served on all parties through their respective counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure on March 7, 2024.

          _____
          Richard M. Hunt